CASE 8—INDICTMENT—FEBRUARY 28.

# Cheek v. Commonwealth.

APPEAL FROM LAUREL CIRCUIT COURT.

1. CRIMINAL LAW—BRIBERY.—Section 19 of article 12, chapter 33, of the General Statutes, having been repealed, one may be convicted of being bribed upon the testimony of a single witness, even though that witness be the briber.

2. SAME—PRACTICE.—While it was not the province of the jury to declare that the defendant should be deprived of his right of suffrage and to hold office, yet the fact that the jury did so declare is not a

reversible error, the court having entered judgment depriving the defendant of his right of suffrage and to hold office, as the statute makes it *mandatory* upon the court to do upon the return of the verdict of guilty.

3. APPELLATE JURISDICTION.—When the judgment convicts the defendant of an infamous offense and deprives him of the right to vote and hold office, he is entitled to an appeal, although the fine imposed does not exceed fifty dollars.

EWELL & SMITH FOR APPELLANT.

1. One cannot be convicted of bribery upon the testimony of the bribing witness alone. (Civil Code, sec. 241; Gen. Stats., secs. 11, 12, p. 529.) The amendment to the statute authorizing a conviction for bribery upon the testimony of one witness was not intended to authorize a conviction upon the testimony of an accomplice.

2. There is a variance between the proof and the indictment.

3. The verdict is erroneous in excluding the defendant from office and suffrage, that being a matter for the court and not the jury.

P. W. HARDIN· FOR APPELLEE.

Aside from the amendment to the statute, the testimony of the giver of the bribe was sufficient to convict, as he was not an accomplice within the meaning of section 241 of the Code.

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT

The appellant was convicted in the Laurel Circuit Court of the offense of receiving a bribe of five dollars to vote at the August election, 1886, for certain persons who were candidates for the county offices of said county. The circuit court having overruled his motion for a new trial, he has appealed to this court.

It was proven by the only witness for the Commonwealth, on the trial, that he gave the appellant five dollars to vote for certain county candidates at the election. It was also proven that the appellant did vote for these candidates. The appellant swore that Jones did not give him five dollars or any other sum or thing, nor promise the same, to vote for the candidates. Nor

was he influenced to vote for them by the hope or promise of reward; that he voted for them as a matter of choice, they agreeing with him in politics. But the jury disregarded his testimony and found him guilty of the offense charged, and fixed his punishment at a fine of fifty dollars, and excluded him from the right of suffrage and office.

Section 11, article 12, chapter 33, of the General Statutes, provides: "Any person guilty of receiving a bribe for his vote at an election, or for his services or influence in procuring a vote or votes at an election, shall be fined from fifty to five hundred dollars, and be excluded from office and suffrage."

1. "'Bribe' or 'bribery' means any reward, benefit or advantage, present or future, to the party influenced or intended to be influenced, or to another at his instance, or the promise of such reward, benefit or advantage."

*   *   *   *

3. "Whoever shall receive money or other thing of value, to be used for the purpose of procuring or influencing a vote or votes, shall be deemed to have been bribed."

Section 12 provides: "Whoever shall bribe another shall, on conviction, be fined from fifty to one hundred dollars, and imprisonment from ten to ninety days, or both so fined and imprisoned, and be excluded from office and suffrage for five years." Section 19 of said chapter and article provided: "But the jury shall never convict any one under the provisions of this chapter upon the testimony of a single witness, unless sustained by strong corroborating circumstances."

The Legislature, by an act approved May 7th, 1886, repealed this provision.

The offense of bribing persons to vote is always com-mitted in secret; the briber and the bribed intend that the transaction shall be a secret between themselves; they seek such places to negotiate as they think will pre-clude the possibility of detection. This they can easily do. If others were on the alert to detect them, their best efforts would prove a failure in ninety-nine cases out of a hundred. Also, it would be almost impossible to convict the parties upon circumstantial evidence alone. Therefore, the Legislature, seeing that the offense would be rarely, if ever, committed in the presence of third parties, and the impossibility of obtaining evidence, in nearly every instance, from that source, and the almost impossibility of convicting the offenders by circum-stantial evidence alone, repealed the section *supra*, so as to allow a conviction to be had upon the testimony of a single witness.

And, for the reasons above indicated, we conclude that the Legislature intended that either the bribed or briber might be convicted on the testimony of the other. There is no doubt about the fact that the con-duct of the briber is as reprehensible in the eye of the law as that of the bribed. Both are, in the eye of the law, guilty of infamous offenses; the one hav-ing bartered away his birthright, having sold his man-hood, having betrayed the trust of his government; the other having furnished the corrupting wherewith, it is proper that either should be convicted upon the testimony of the other.

The jury, in their verdict, declared that the appel-

lant should be deprived of his right of suffrage and to hold office. While this was not within the province of the jury, as it was made the duty of the court to so declare upon their verdict of guilty, yet the court entered judgment depriving the appellant of his right of suffrage and to hold office. This duty was mandatory upon the court, and the mere fact that the jury so declared in their verdict is not a reversible error.

It is contended that, in view of section 347 of the Criminal Code, which limits appeals to cases of fines for over fifty dollars, or to imprisonment for over thirty days, this court has not jurisdiction of this appeal. The statute in this case makes the offense of bribery or being bribed to vote at an election infamous. In this respect, it stands upon the same footing of other infamous crimes. And while the pecuniary fine of fifty dollars only was imposed upon the appellant, yet judgment was also rendered against him depriving him of his right to vote and to hold office. This is a penalty attached to all infamous crimes or offenses, which is not only a badge of disgrace and infamy, but deprives the party of a most sacred right. It seems clear, therefore, that he has the right of appeal.

The judgment is affirmed.