CASE 7—INDICTMENT—MARCH 22.

90  53
97  486

# Johnson v. Commonwealth.

APPEAL FROM CARTER CRIMINAL COURT.

1. APPELLATE JURISDICTION.—Where a judgment depriving the accused of the right to vote and to hold office is the result of a verdict imposing a fine, an appeal lies from the entire judgment, although the fine does not exceed fifty dollars; and as the right to a franchise

·is involved, the Court of Appeals, and not the Superior Court, has jurisdiction of the appeal.

·2. SAME.—Where a fine which does not exceed fifty dollars is the only penalty imposed, no appeal lies, although the fine was for a less amount than was authorized by the statute.

3. IN ELECTIONS BY BALLOT no one has the right to examine the ballot of the voter, or to testify as to its contents except from information given him by the voter himself.

4. UPON A TRIAL FOR BRIBERY, where the voting was by ballot, and there was no evidence by the State that any such vote as that alleged was cast, the offense was not proved, and. the indictment should, upon defendant's motion, have been dismissed. The jury had no right to speculate as to the person for whom the vote was cast, or to reach a conclusion as to that matter from the former political convictions of the accused.

5. BRIBERY—INSTRUCTIONS TO JURY.—The court erred in refusing to instruct the jury that they should acquit if the money received by the accused was in good faith lent to him, there being evidence tending to show that such was the fact.

6. THE INDICTMENT WAS DEFECTIVE in failing to allege where the vote was cast or the election was held.

J. D. JONES FOR APPELLANT.

. 1. The indictment is not good because it does not show that there was an election held in Carter county on the sixth day of November, 1888, and does not show in what district T. H. Paynter was a candidate for Representative, or whether he was eligible as a candidate to be voted for; nor does it show that he was an inhabitant of the State in which he was to be chosen, as provided by the Constitution of the United States.

·2. As the Constitution of the United States invests Congress with legislative power to regulate the election of Representatives, and Congress has provided penalties for bribery at such elections, the State has no power to legislate with reference to that subject.

3. Where the law prescribes a secret ballot, public policy forbids that any person should be allowed to testify as to what candidate an elector voted for. (Cooley's Const. Limit., 5th ed., top page 762 and side page 606.)

4. The court should have given a peremptory instruction for defendant, there being no testimony tending to show guilt.

5. An instruction following literally the words of the statute was misleading, as it failed to furnish an exposition of the meaning and intent of the statute. (Ritte v. Commonwealth, 18 B. M., 40.)

6. The accused was entitled to an instruction presenting every phase of the case. (Embry v. Commonwealth, MS. Op., Nov. 21, 1889.)

Johnson v. Commonwealth.

P. W. HARDIN, Attorney-General, for appellee.

The court has no jurisdiction of the appeal because the judgment is not for a fine exceeding fifty dollars, nor for imprisonment exceeding sixty days. (Criminal Code, sec. 347.)

JUDGE PRYOR delivered the opinion of the court.

The appellant, James Johnson, was indicted by a grand jury of the Carter Criminal Court of the offense of unlawfully receiving a bribe in money, paid to him by one Strother ; that for a consideration in money paid to him by Strother he voted for T. H. Paynter, who was at the time a candidate for a seat in the House of Representatives of the United States.

There was a demurrer to the indictment for a failure to allege where the vote was cast, or that an election was held in the county of Carter for Representative. While the indictment should have been more specific and the demurrer sustained, it is proper to notice other questions raised, and upon which this case will be finally determined in the court below.

It is first insisted by the attorney for the State that the appeal should be dismissed, as it is an indictment for a misdemeanor, and the fine imposed is only ten dollars. The Code gives this court jurisdiction (now belonging to the Superior Court) when the fine exceeds fifty dollars. (Carroll's Criminal Code, section 347.) This being a misdemeanor by statute, it is urged that the extent of the punishment can not give the jurisdiction unless the fine exceeds fifty dollars. There is no imprisonment imposed in this case, and the fine made at ten dollars only, which is much less than the sum fixed by the statute. It provides that "any person guilty of receiving a bribe for his vote at an

election, or for his services or influence in procuring a vote or votes at an election, shall be fined from fifty to five hundred dollars, and be excluded from office and suffrage." (General Statutes, chapter 33, article 12, section 11.) How the jury arrived at the amount of a fine not authorized by the statute is not explained; but if the party is guilty, the fact that he was made to pay a less fine than that authorized by the statute to be imposed affords no ground for a reversal, and if this was the only punishment inflicted the appeal would be dismissed. It is plain that if the fine had been five hundred dollars—the limit prescribed by the statute—the Superior Court would have had the jurisdiction, and a denial of the right of suffrage being annexed to the penalty and imposed by the court below, the jurisdiction of this court would attach, as a franchise involving the inestimable right of suffrage is directly involved in the issue. The court below, after the verdict of guilty, pronounced this judgment: "And it is further adjudged by the court that the defendant shall hereafter be disqualified from holding or discharging the duties of any office of honor, trust or profit under the laws of this State, or any town, city or municipality thereof, and prohibited from exercising the right of suffrage within the State of Kentucky during his natural life."

That dollars and cents are to be more highly valued in determining the jurisdiction of this court by reason of the statute than the right of suffrage, or the infliction of a punishment that degrades the offender for all time, can not be conceded; and while the offense is termed a misdemeanor, the deprivation of such a

right will be treated in this court as a direct proceeding to deprive the offender of the rights of a citizen, and the judgment entered by the court below depriving the appellant of the right to vote and of the right to hold office being the result of the verdict imposing the fine, this court will necessarily assume jurisdiction of the entire judgment. It was never contemplated by the law-making power that an appeal could be prosecuted from the judgment imposing a fine of five hundred dollars, and not from a judgment entered by the court based on a verdict for that amount or a less sum, by which, during the natural life of the offender, he is prohibited from voting and from holding any office of trust or profit within this Commonwealth. The offense is a high misdemeanor, and depriving the citizen of a most sacred right he can be heard in this court. (Cheek v. Commonwealth, 87 Ky.,42.)

Strother, the witness for the State, says "that he loaned the appellant five dollars, but not to influence his vote in any manner, but did not know that he would have loaned it but for the election; that the accused entertained the same political views that the witness did."

On this testimony, it being all introduced by the State, the defense moved to dismiss the indictment, because no offense had been proven. The court refused the instruction. This was error. The distinct charge was that the accused had voted for Paynter for Congress, and received a bribe to do so. The voting was by ballot, and there was no evidence by the State that any such vote was cast. The system of voting by ballot is based upon the idea that it makes the action

of the voter independent, and to enable him to vote for whom he pleases. No one has the right to examine the ballot of the voter, or to testify as to its contents with a knowledge acquired in any other mode than the information given him by the voter himself. His ballot, says Mr. Justice Cooley, "is absolutely privileged, and the veil of secrecy should be impenetrable, unless the voter voluntarily lifts it." (Const. Limitations, page 763.)

It places the voter beyond the influence of wealth and power, and if the manner of his voting is open to investigation as any other issue, the virtue of the entire system is destroyed. The jury, therefore, had no right to speculate as to the person for whom the vote was cast, or to reach such a conclusion from the former political convictions of the accused. The motion to dismiss should have been sustained. The court below having refused to dismiss the case, the accused then testified substantially as the witness for the State, but admitted that he voted for Paynter. At the conclusion of the testimony the court instructed the jury that if the accused, in consideration of a bribe in money, paid him by Strother, voted for Paynter, they must find the defendant guilty. The defendant then asked the court to say to the jury, in effect, that they must believe the money was given to him by Strother for the purpose of influencing his vote, and that for said money the accused did vote for Paynter; that if the money was in good faith loaned, the accused is not guilty. This is, in substance, the instruction asked by defendant and refused. What conclusion the jury reached as to the facts necessary to consti-

tute bribery does not appear; but we see no reason for refusing an instruction based upon testimony con-ducing to show, at least, that it was a loan of the money in good faith, and not for the purpose of influencing the vote for Paynter.   The defense, in so far as it was sustained by the testimony, should have been presented to the jury, and the failure to do so may have led their minds to the conclusion that a case of bribery had been made out.

The judgment below is reversed, and cause remanded for proceedings consistent with this opinion. A new trial will be granted.