# HARTRANFT *v.* MULLOWNY.

CRIMINAL LAW; POLICE COURT; JURISDICTION; FOOD ADULTERATION.

1. The fact that one, if convicted in the supreme court of the District of Columbia for a first offense, punishable by a fine only, for selling adulterated food in violation of the food and drugs act of June 30, 1906 (34 Stat. at L. 768, chap. 3915, Comp. Stat. 1913, § 8717), could, if confined for nonpayment of the fine imposed, be released after thirty days under sec. 1042, U. S. Rev. Stat. Comp. Stat. 1913, § 1706, whereas sec. 44 D. C. Code (31 Stat. at L. 1196, chap. 854), gives the police court power to commit an offender in a like situation for not to exceed one year (citing *United States* v. *Mills*, 11 App. D. C. 500), shows no inequality in the degrees of punishment in the respective courts, which would prevent the police court from being a "proper court of the United States," within the meaning of the food and drugs act, for prosecution of its violation. (Citing *Huyler's* v. *Houston*, 41 App. D. C. 452.)

2. The provision of the food and drugs act of June 30, 1906 (34 Stat. at L. 768, chap. 3915, Comp. Stat. 1913, § 8717), requiring the Secretary of Agriculture to publish the findings of the court in prosecutions for its violation, adds nothing by way of penalty to the fine imposed for a first sale of adulterated food in violation of the act, so as to deprive the police court of the District of Columbia of jurisdiction of the offense.

3. The police court of the District of Columbia is not deprived of jurisdiction of a first offense in violating the food and drugs act of June 30, 1906 (34 Stat. at L. 768, chap. 3915, Comp. Stat. 1913, § 8717), which is punishable by a fine only, by the fact that the information is in several counts charging distinct offenses whose aggregate imprisonment in default of the payment of the fine may be for more than one year, since the provision in sec. 934, D. C. Code (31 Stat. at L. 1341, chap. 854), that cumulative sentences aggregating more than one year shall be deemed one sentence, has no reference to a sentence to pay a pecuniary fine, followed by imprisonment in default of payment, but relates only to cases in which the punishment is to be imprisonment, (citing *Harris* v. *Lang*, 27 App. D. C. 84), and since sec. 44 of the Code expressly limits the authority of the police court to a commitment of one year in default of payment of

the fine imposed, and it must be assumed that it will keep within its jurisdiction.

No. 2725. Submitted December 7, 1914. Decided January 4, 1915.

HEARING on an appeal by the petitioner from a judgment of the Supreme Court of the District of Columbia quashing and dismissing a petition for certiorari challenging respondent's jurisdiction to try petitioner upon an information charging him with violation of the food and drugs act.

*Affirmed.*

The COURT in the opinion stated the facts as follows:

Appeal from a judgment in the supreme court of the District quashing and dismissing a petition for certiorari challenging appellee's Alexander R. Mullowny, jurisdiction to try (William A. Hartranft's) appellant, upon an information charging him with a first offense of selling adulterated milk in violation of the act of June 30, 1906. (34 Stat. at L. 768, chap. 3915, Comp. Stat. 1913, § 8717).

Under said act it is made a misdemeanor for any person to sell or offer for sale in the District of Columbia or the territories of the United States adulterated food, and the punishment for a first offense is a fine not exceeding $200, and for each subsequent offense a fine not exceeding $300 or imprisonment not exceeding one year, or both, at the discretion of the court. The act provides for the examination of specimens of food and drugs, to be made by the Bureau of Chemistry of the Department of Agriculture, or under the direction and supervision of that bureau, for the purpose of determining whether such articles are adulterated or misbranded within the meaning of the act. If it appears from such examination that the specimen examined is adulterated or misbranded, it is made the duty of the Secretary of Agriculture to cause notice to be given to the party from whom the sample was obtained, and to accord that party opportunity to be heard. If it then appears that any of the provisions of the act have been violated, the Secre-

ta'ry is required at once to certify the facts "to the proper United States district attorney," etc., whose duty it is "to cause appropriate proceedings to be commenced and prosecuted *in the proper courts of the United States* for the enforcement of the penalties prescribed in the act. It is further provided that "after judgment of the court, notice shall be given by publication in such manner as may be prescribed by the rules and regulations aforesaid," that is, the rules and regulations of the Department of Agriculture.

*Mr. Henry E. Davis, Mr. Matthew E. O'Brien,* and *Mr. Walter J. Carlin* for the appellant.

*Mr. Clarence R. Wilson* United States District Attorney, *Mr. James A. Cobb, Mr. W. B. Howe,* and *Mr. J. E. Laskey* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

In *Huyler's* v. *Houston,* 41 App. D. C. 452, where there had been a conviction in the police court of the District of a first offense under said act of 1906, it was ruled that while that court is not a court of the United States under the Federal Constitution, it nevertheless is "a proper court of the United States" in the sense in which that phrase is used in the act. Two grounds in support of the contention that the police court is not such a "proper court of the United States" are now presented by the appellant, which, it is contended, were not brought to the attention of the court in *Huyler's Case.* We will briefly consider them. It is said that should the appellant be convicted in the police court, and fined, in the event of his inability to pay that fine he will be compelled to undergo imprisonment without right or opportunity of relief therefrom except by pardon, whereas, should he be tried and convicted in the supreme court of the District, or any district court of the United States, and be unable to pay such fine, he would have the right and remedy of being released from imprisonment in accordance

with the provisions of sec. 1042 of the Revised Statutes of the United States (Comp. Stat. 1913, § 1706). That section permits a poor convict sentenced by any court of the United States to pay a fine or a fine and costs, whether with or without imprisonment, who has been confined in prison thirty days solely for the nonpayment of such fine or fine and costs, to be discharged after hearing before a United States commissioner, and upon taking the prescribed oath.

In *United States* v. *Mills,* 11 App. D. C. 500, it was pointed out that under the general Criminal Code of the United States there is no statutory provision for the enforcement of a fine when that is the penalty imposed, or the only part of the penalty that remains to be performed, and hence that the enforcement can only be by imprisonment until the fine is paid; that this necessarily leaves the duration of the time of detention for that purpose indefinite. Were it not, therefore, for the provisions of sec. 1042 of the Revised Statutes, no relief could be afforded poor convicts. The court further pointed out that under the act of July 23, 1892 (27 Stat. at L. 262, chap. 237), now incorporated into sec. 44 of our Code [34 Stat. at L. 1196, chap. 854], provision is made for the enforcement of fines imposed by the police court as follows: "In all cases where the said [police] court shall impose a fine, it may, in default of the fine imposed, commit the defendant for such a term as the court thinks right and proper, *not to exceed one year.*" It is apparent, therefore, that the special circumstances of a given case may be taken into consideration by the police court, and hence that the supposed difference in the degree of punishment in the supreme court and the police court really does not exist.

It is next insisted that the penalty for a violation, even by first offense, of any provision of said act of 1906, is not limited to fine, because of the provision requiring the Secretary to give notice by publication after judgment of the court. In support of this contention two cases are relied upon: *Klyman* v. *Com.* 97 Ky. 484, 30 S. W. 985, and *Cheek* v. *Com.* 87 Ky. 42, 7 S. W. 403. In the former the statute prescribed the pen-

alty of a fine or imprisonment for unlawfully permitting a minor to play pool, and the statute provided that the offender, in addition, should *forfeit the right and privilege of again keeping a pool table.* It was held that as the effect of the judgment was to deprive the accused of his right and privilege of again keeping pool tables, the penalty imposed was beyond the jurisdiction of the court. In the latter case, the statute made disfranchisement a consequence of conviction of bribery at an election. It was held that this provision was a part of the penalty, and hence that the city court had no jurisdiction of the offense. The distinction between these cases and the one before us is obvious. Here no additional penalty is imposed. The Secretary is merely required to publish the findings of the court. A court reporter, where there is one, does the same.

It is further insisted that because the information is in seven counts, charging the defendant with as many separate and distinct offenses, the aggregate imprisonment in default of the payment of the fine may be more than one year, and, if so, must be in the penitentiary, and hence that the police court has no jurisdiction. This contention is based upon the provisions of sec. 934 of the Code [31 Stat. at L. 1341, chap. 854], which provides that "when any person is sentenced for a term . . . not longer than one year, such imprisonment shall be in the jail, and where the sentence is imprisonment for more than one year, it shall be in the penitentiary. Cumulative sentences aggregating more than one year shall be deemed one sentence for the purposes of the foregoing provision." This section received the consideration of the court in *Harris* v. *Lang,* 27 App. D. C. 84, 7 L.R.A.(N.S.) 124, 7 Ann. Cas. 141, and it was ruled that the provision relating to cumulative sentences "has no reference to a sentence to pay a pecuniary fine, followed by imprisonment in default of payment, but relates only to cases in which the punishment is to be imprisonment." Moreover, as previously pointed out, sec. 44 of the Code expressly limits the authority of the police court to a commitment of one year in default of payment of the fine imposed. We must assume the

court will keep within its jurisdiction. *United States* v. *Pridgeon,* 153 U. S. 48, 38 L. ed. 631, 14 Sup. Ct. Rep. 746.

Judgment affirmed, with costs. *Affirmed.*

A writ of error to the Supreme Court of the United States was allowed February 1, 1915.