## Bailey v. Commonwealth.

(Decided April 17, 1923.)

### Appeal from Harlan Circuit Court.

1. Criminal Law—Court of Appeals has Jurisdiction of Appeal From Judgment of Disfranchisement.—The Court of Appeals has jurisdiction of an appeal from a judgment of disfranchisement after conviction for a misdemeanor.

2. Criminal Law—Technical Insufficency of Indictment Cannot be Reviewed Where First Raised on Motion for New Trial.—Where an indictment states a public offense, its technical insufficiency cannot be considered on appeal where no demurrer was filed to it and the question of its sufficiency was raised only in the motion and grounds for new trial.

3. Indictment and Information—Accusative Part of an Indictment Need not Charge Weapon Carried was not a Pocketknife.—An in-

dictment for carrying concealed a weapon is not defective because in the accusative part it did not negative the weapon being an ordinary pocketknife, where the descriptive part described the weapon as being a pistol.

4. Weapons—Exclusion of Testimony Defendant was Summoned to Aid Arrest When Carrying Weapon Held Proper.—In a prosecution for carrying concealed a weapon, .where the evidence for the Commonwealth showed defendant had the weapon concealed, when he entered a certain house and that he was not then accompanied by a deputy sheriff, while defendant testified he had entered that house only when summoned by the deputy sheriff to aid in making an arrest, it was. not error to exclude testimony by the deputy sheriff he had summoned defendant to make the arrest when the officer was unable to state whether or not that was on the occasion testified to by the Commonwealth's witnesses.

J. B. SNYDER for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

Lora Bailey was convicted in the Harlan circuit court of the offense of carrying concealed a deadly weapon and his punishment fixed at a fine of $50.00, imprisonment for thirty days and disfranchisement for two years.

On this appeal he insists that the indictment was insufficient and that the court erred in refusing to admit competent evidence offered in his behalf.

It has been held that this court has jurisdiction of an appeal from a judgment of disfranchisement. Cheek v. Com., 87 Ky. 46; Johnson v. Com., 90 Ky. 53.

No demurrer was filed to the indictment and there is no mention of its alleged insufficiency in the record except in the motion and grounds for a new trial. As it states a public offense its technical insufficiency, if any, can not now be considered. Estes v. Com., 194 Ky. 475; Hawkes v. Com., 197 Ky. 196. Aside from this the indictment does not appear to be bad on demurrer. The only criticism offered is that in the accusative part the defendant is charged with "carrying concealed a deadly weapon" without negativing its being an ordinary pocket knife, though in the descriptive part this is fully set out, and the weapon described as being a pistol.

It is the practice in framing indictments for common law offenses to simply state the name of the offense charged in the accusative part, with a full description in

the latter part, and the same practice is largely followed in those denounced by statute when the offense has a common and well understood name or title, and similar indictments have been upheld in this court. Collins v. Com., 195 Ky. 745; Middleton v. Com., 197 Ky. 422. Indeed this indictment seems to have followed the form laid down for this offense in Carroll's 1919 Code, page 1012.

Two witnesses stated that they saw defendant get out of his car and go into the house of Lilly Johnson; that in so doing he took a pistol from the seat of the car, raised his sweater, put the pistol in his pocket and it was thereafter concealed.

The defendant admitted going to Lilly Johnson's house on different occasions to arrest certain parties, but says that each time he went, Roscoe Ball, a deputy sheriff, summoned him to go for the purpose of making an arrest. He never carried a pistol except when Ball was with him, though he did go on some occasions for the purpose of watching the house, but on those occasions had no pistol.

He offered to prove by Ball that on each trip he summoned him to assist in such arrest. The prosecuting witnesses denied that Ball was along at the time they saw the pistol, and as Ball was unable to state whether he was or not, the court sustained objections to this question. We cannot say that this was erroneous.

The instructions directed the jury to acquit the defendant, if they believed from the evidence that on the occasion in question he was summoned by the sheriff for the purpose indicated above, and in this particular his rights were fully protected.

On the whole we cannot say that his substantial rights have been prejudiced.

Judgment affirmed.