JUDGE ROBERTSON
delivered the opinion of the court:
In the year 1864, Reuben H. Mundy, holding Thomas H. Berryman’s bond for the legal title to two fractional *340 lots in Owenton, Owen county, Kentucky, on one of which there was a livery-stable, and on the other a brick house, occupied by tenants, assigned the bond to his brother, Doctor J. F. Mundy, as collateral security for money advanced to his use and liabilities incurred, as his surety; and in February, 1866, that bond being destroyed by guerrillas, R. H. Mundy sold to J. F. Mundy the brick house for two thousand five hundred dollars of the original consideration, and executed his bond for a title in apparent consummation of the first contract.
The appellees, who became creditors of R. H. Mundy since 1864, brought this suit in equity for subjecting the house and lot thus sold to sale and distribution under the act of 1856, against assignments “ in contemplation of insolvency” made for preferring creditors.
The answers denied the imputed purpose, and averred that the transaction was a fair and valid sale.
But the circuit court decreed the subjection of that property as sought by the petition; and, on this appeal, we adjudge that decision erroneous.
The petition does not assail the contract of 1864, but tacitly admits its integrity and legal availability; and, moreover, the proof shows the correctness of its consideration, and, as subsequent creditors especially, the appellees cannot, therefore, complain of being injured by the last contract, which only partially effectuated the object of the first, of which they have not complained. The recited valuable consideration and the full payment of it have been sufficiently proved.
That consideration also seems to have been adequate; and all lien on the livery-stable and its lot was waived, and that property has since been sold for an unpaid balance due to Berryman as the original vendor.
*341 If, as may be probable, R. H. Mundy was unable to pay all his debts at the date of the last contract, we cannot see how that contract could be rightly adjudged to be within the range of the act of 1856, as an unlawful preference of a creditor who had been already lawfully preferred and amply secured by the unimpeached contract of 1864, and for which that of 1866, more advantageous apparently to creditors, was substituted.
But the petition also charges that the appellant holds the ostensible title to mules, wagon, and some other articles, in secret trust for R. H. Mundy, who enjoys the possession and use of them. The litigation on that subject was not decided by the circuit court, but may be considered as still pending.
We cannot, therefore, now say more respecting it than that, on the return of this case to the circuit court, this matter should be settled either as it now stands on the record, or on further preparation, if either party desire it.
Wherefore, the judgment is reversed, and the cause remanded for further proceedings and decree according to this opinion.