## WILLIAM HOWELL, ET AL., v. JAMES V. SMITH, ET AL.

[Abstract Kentucky Law Reporter, Vol. 1—415.]

**Conveyances to Defeat Creditors.**

A father must be just before he is generous, and he has no right to make gifts to his children at the expense of his creditors. A conveyance made to a son for a nominal consideration, the father retaining control of the estate conveyed, will be set aside and made subject to the father's debts existing at the time of such conveyance.

**Validity of Bonds for Sale of Real Estate.**

Bonds for the conveyance of real estate, where their validity in a a court of law has been tested in a trial before a jury under a plea of non est factum and found executed, are valid as between the parties to them, and the Court of Appeals will not reverse on that issue unless the evidence and instructions upon which the verdict was based are clearly insufficient and erroneous.

APPEAL FROM LARUE CIRCUIT COURT.

November 20, 1880.

Opinion by Judge Pryor:

The validity of the bonds under which the appellees, the heirs of Samuel Smith, claim title to the land in controversy cannot be questioned in this court. An issue out of chancery on the plea of non est factum was made, and the verdict of a jury had, resulting in establishing the fact that the bonds were signed by Samuel Smith. There is no bill of exceptions presenting the history of that trial, and however uncertain the fact of the execution of the bonds by Samuel Smith may be on the facts found in the record, we cannot reverse the judgment of the court below on that issue.

We have the verdict of the jury and the judgment of the court upon it, and, while there may have been no other evidence than that now in the record on the issue raised, this court will not disturb the finding unless the evidence and instructions upon which the verdict was based is identified as in ordinary trials by court and jury of issues of fact.

Waiving, therefore, any other consideration of that question, we will proceed to inquire as to the validity of those bonds so far as they affect the claims of the appellants as creditors of Samuel Smith, it being alleged in the petition that the bonds were executed with the fraudulent purpose of evading the payment of their debt. The action of Uptigrove's heirs was instituted in the year 1845 to recover certain lands, and the rents Samuel Smith had wrongfully acquired in the management of Uptigrove's estate, he being the administrator. The action instituted in 1845 was not terminated until the year 1860, when a judgment was rendered against Samuel Smith for the sum of $3,750. Samuel Smith was the owner, at the institution of the action in 1845 by Uptigrove's heirs, of considerable estate in lands and personalty and amply able to pay all his liabilities. He died after

the institution of the present action and his estate turns out to be insolvent.

During the progress of the litigation by Uptigrove's heirs, from the year 1845 to the year 1860, he sold his lands to his children and executed to them bonds for title, reference to which has already been made. The bond to James V. Smith (a son) was executed on the 10th of March, 1845, at a time when no liability existed and when no fraudulent motive could have induced its execution. It also appears from the proof that the purchase-money was paid. In March, 1856, ten years after the institution of the action and when the ancestor of these appellees must have seen that a judgment against him was inevitable, he executed to his son, Warden Smith, a bond for his home farm containing four hundred acres for the nominal sum of $250, and the agreement that his son was to take care of him and his wife, cultivate the land and give to the father half the profit. The liability of the vendor (the father) to pay these rents up to that date, and so long as he held the land of the appellants, or their assignees, had accrued, and to permit such a sale, even if made in good faith, to avoid the payment of liabilities existing at the time, would be to encourage fraud for the purpose of defeating the claims of creditors. The son, Warden, had no estate, was himself insolvent, and yet under the agreement made at a time when the liability existed and with the certainty of its increasing to a much larger sum, at the death of his father, he is found in possession of the home farm worth three or four thousand dollars and his creditors denied any relief.

It matters not that the estate of his father would at the date of the bond, if sold, have been sufficient to pay all his debts. The debtor must be just before he is generous, and he had no right to make a gift to his son at the expense of creditors. The father and son lived together, the latter with the bond in his pocket, the father using the land and paying the taxes as well as assessing it all the while; and still when he died the son asserts his ownership and claims that the father was a pensioner on his bounty. Such a consideration, even when established, should not prevail against existing creditors. The father in fact owned, enjoyed and used the farm as he always had done, the son performing no more labor than prior to the execution of the bond. It was the father in fact supporting the son, and not the son the father. The land should have been subjected to the payment of the debt. *Trimble v. Ratcliffe,* 9 B. Mon. 511; *Dohoney v. Dohoney,* 7 Bush 217; *Hawkins v. Moffitt,* 10 B. Mon. 81. Certainly one-

half of the personalty left on the place by Samuel Smith at his death was a sufficient compensation for any services rendered by Warden in addition with his own support.

As to the bond to Sarah Smith, the evidence conduces to show the payment of the consideration and that it was a bona fide transaction, and so of the bond to Beall and wife.

This judgment is, therefore, *affirmed* as to all the appellees except Warden Smith. As to him the judgment is *reversed* with directions to subject the land to the payment of the debt. *Affirmed* on cross-appeal. The appeal of Mrs. Conn is dismissed, being barred by limitation.

Judge Cofer not sitting.

*Wm. Howell, for appellants.*

*Read & Twyman, W. H. Chelf, W. P. D. Bush, for appellees.*