## Marcum v. Marcum.

### (Decided December 19, 1913).

### Appeal from Clay Circuit Court.

Judgment—Action Under Section 439 Civil Code to Satisfy—Lien.— In an action under section 439 Civil Code to enforce satisfaction of a judgment, after appellant's disclosure that he was the owner of the land, it was not necessary for appellee in order to acquire a lien to have another execution issued and levied upon it, or to sue out an attachment. But the land sought to be sold being a remnant of a larger tract that appellant and his wife jointly owned, she should be made a party and her interest determined, before its sale.

A. B. HAMPTON for appellant.

W. W. RAWLINGS, H. C. FAULKNER for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

This is an action against the appellant upon a return of no property found under the provisions of section 439 of the Civil Code for the discovery of his money or other property, and for subjecting of same to the satisfaction of a $650 judgment debt which the appellee held against him.

The appellant, defendant below, filed his verified answer, but same not being deemed by the court sufficiently full or explicit, he was by proper process brought into court, and testified in person. In this way he disclosed the fact that he owned, or claimed to own, a tract of land containing about 100 acres, and in his testimony he gave a detailed boundary and description of the land which was situated in Clay county, on Island creek, where the action was instituted and pending. In his written answer the appellant admitted that he owned this tract of land which was situated on Island creek (without otherwise describing it), but being a housekeeper with a wife and six infant children, he claimed

it was exempt to him as a homestead. No evidence was heard on this bill of discovery other than that of the defendant, who is appellant here, and the lower court, upon consideration of the case, rejected appellant's claim that the land was exempt to him, and subjected it to the payment of appellee's judgment debt, and directed the master commissioner to proceed in the usual way to sell same.

Appellant on this appeal assigns two errors of the lower court as ground for reversal. The first is, that by this proceeding, for a mere discovery of appellant's property no lien was acquired upon the property discovered, and therefore the court could not, without further steps, subject same to the payment of the debt. He insists that since the land was not described in the petition or the written answer, no *lis pendens* was created, and that a detailed description of the same merely shown in the evidence given by appellant, taken down and transcribed by the stenographer, is not sufficient to create a *lis pendens*. If the interests of strangers or third parties were involved, this objection might well be urged, but as between the judgment creditor and the debtor, we are of opinion that the lower court did not err in taking jurisdiction of this land as the subject matter of the action. After appellant's disclosure that he was the owner of it, it was not necessary for appellee in order to acquire a lien to have another execution issued and levied upon it, or to sue out an attachment. The section of the code *supra* not only authorizes the institution of an equitable action for the discovery of the property, but it is "for subjecting the same to the satisfaction of the judgment." Since the code permits the court to subject the property disclosed to the satisfaction of the judgment debt, we do not think the lower court erred in the steps taken to that end, if, in fact, it was subject to execution; that is, not exempt to appellant as a homestead. The appellant resided in the town of Manchester, and had for a year or more before this action was instituted. He never resided upon nor made the Island creek property his home, and his relation to it was never such that it could or can be considered a homestead. Several years ago he did reside upon a piece of property which was located about a mile and a half from the Island creek land, and if his home place and the Island creek land together had been worth no more than $1,000, he might properly have claimed both

as exempt to him, but his home place alone was worth $3,500. He sold it for that price, and then or shortly afterward moved to Manchester. We gather from appellant's testimony that the Island creek property is a remnant of a much larger tract of land to which appellant and his wife jointly had record or legal title. All but this 100 acres has at various times been sold, and according to appellant, his wife received the proceeds, and in that way has been paid for as much or more than her share of the whole, and for that reason he claims to, and does own, the Island creek land, but since the record shows that his wife has not formally divested herself of title in the Island creek remnant, the lower court, before having the property sold, should direct that she be made a party to the action, and then sell for the satisfaction of appellee's debt such interest that he, the appellant, may have.

In effect the judgment of the lower court only directs a sale of appellant's interest, and being of opinion that the court properly subjected his interest to the payment of this debt, the judgment is affirmed, but the wife should be made a party and her interest determined before its sale.