## Marcum v. Marcum.

(Decided June 12, 1917.)

### Appeal from Clay Circuit Court.

1.  Husband and Wife—Creditors—Rent.—Where a husband and wife own land jointly and the wife had sold from it and collected and appropriated to her own use portions of it to the value of $2,350.00, and the husband had appropriated from such sales $600.00, leaving 100 acres unsold, a creditor of the husband is entitled to have an accounting made between husband and wife and to appropriate to his debt that part of the remaining 100 acres, or its proceeds, which would be coming to the husband under a settlement between himself and wife, after charging each with the amount which they had respectively collected, and in such case the husband should not be charged with rents if they were used jointly by himself and wife in the maintenance and support of their family.

2. Husband and Wife—Joint Owners—Sale of Land at Instance of Creditor.—Where it is necessary to ascertain the proportion which two joint owners should share in the proceeds of land, that its value as realized upon a sale must be taken into consideration in adjusting the accounts, and further shown that one of the parties would be entitled to at least one-half of such proceeds before the other would be entitled to share in any part of it, the court did not err in ordering the entire tract of land sold at the instance of a creditor of one of the joint owners, as under the circumstances it is apparent that it could not be divided without materially impairing its value so as to give to the joint owner whose interest is not sought to be subjected his proportionate share.

A. T. W. MANNING for appellant.

W. W. RAWLINGS, RAWLINGS & WRIGHT, FAULKNER & FAULKNER and H. C. FAULKNER for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

This is a suit first brought by appellee (plaintiff), H. B'. Marcum, against William Marcum, husband of appellant, Bernice Marcum, upon a return of no property found seeking to collect a judgment which the plaintiff had obtained against the husband, William Marcum, for the sum of $600.00 and cost which was recovered in the Clay circuit court.

The petition is in the nature of a bill of discovery, and being dissatisfied with the answer of the husband, he was ruled to appear in court for oral examination, which developed that he was the owner of or interested in the tract of land consisting of one hundred acres which is the subject matter of this controversy, and which was ordered to be sold for the purpose of satisfying plaintiff's judgment and cost.

Up to the time of the rendition of that judgment the wife, who is the appellant here, was not a party to the suit, but the husband prosecuted an appeal to this court and the judgment ordering the sale of the land was affirmed, the opinion being the case of Marcum v. Marcum, 156 Ky. 669. In that opinion this court directed that the wife be made a party and that her interest, if any, which she had in the land ordered to be sold should be determined before the sale was made. Upon a return of the case the wife was made a party by amended petition, and her pleadings developed the fact that before the institution of the suit she and her husband were the joint owners of a much larger tract of land in the proportion of

one-third to the husband and two-thirds to the wife, and that she had never divested herself of her two-thirds interest in the one hundred acres involved, but was still the owner of it. She furthermore claimed that her husband had sold the mineral under the entire tract for $500.00, obtained the purchase money and appropriated it to his own use, and that he had also obtained from her sister one hundred dollars, the difference in the exchange of lands between the two sisters, and that he had furthermore collected the rent for the entire tract for five years, being for the years 1905 to 1909, inclusive, which was reasonably worth $200.00 per year, and had likewise collected the rent for the 100 acres involved for the four years of 1910 to 1913, inclusive, which was reasonably worth $125.00 per year, and that these sums aggregated $2,200.00 with which her husband should be charged, and when done his one-third interest in the land involved would be more than consumed and there would be nothing remaining which would be subject to the plaintiff's debt. She admits that during that period covered by the years 1905 to 1909, inclusive, there were sold from the entire tract three parcels of land, the aggregate price of which was $2,350.00, all of which she herself collected and retained. By appropriate pleadings the plaintiff put in issue the appellant's allegations as to the state of account between herself and husband and especially denying that he had collected and appropriated to his own use the rent for the land as claimed by appellant.

After preparation and submission, the court, on May 3, 1916, adjudged that the wife be charged with $2,350.00 and her husband with $600.00 (declining to charge him with rents) and ordered the land sold, but reserved the question as to the distribution of the proceeds because it could not be determined how they should be divided until it was known what the land would bring, and from that judgment Mrs. Marcum prosecutes this appeal.

The questions involved are few and simple, the principal one being the refusal of the court to charge the husband with rents, but we do not think he erred in this regard. The first pleading filed by the wife claimed the land as a homestead, and she therein alleged, in substance, that she and her husband had collected the rent and used it in maintaining and supporting their family, consisting of themselves and seven children, although they were neither living upon the land, nor had they ever done so. This same claim was made by the husband be-

fore the wife became a party, but it was denied by the lower court and that judgment was affirmed in the case of Marcum v. Marcum, *supra*.

The facts upon that issue made by the wife were no stronger than they were as presented by the husband, and it is clear that the claim of homestead was not established. Although this plea failed, still the pleadings presenting it show that the husband did not collect the rents and appropriate same to his use as contended. Furthermore, the evidence is not altogether satisfactory, and is very confusing as to the amount of the rent collected, because it was not paid or agreed to be paid in money, but only with a part of the crops that were grown on the land, and the extent of crops raised and the part collected for each year is very indefinite, but whatever it was the entire family got the benefit of it. Under these circumstances, we are not inclined to disturb the finding of the chancellor upon that issue.

This leaves the remaining items of $600.00 for which the husband should account, and $2,350.00 legally chargeable to the wife, or a total sum realized from the entire holding of $2,950.00, to one-third of which the husband was entitled, and the wife the other two-thirds.

In arriving at these sums the one hundred dollars which the husband obtained from his wife's sister is included, although it is no part of any of the proceeds of the joint holding, and we seriously doubt if he should have been charged with that sum, but there is no cross-appeal prosecuted, and the matter will be treated as if the charge was properly made to him. It is then seen that of the entire proceeds heretofore realized the husband would be entitled to $983.13 1/3 and has received only $600.00, leaving still due him $383.33 1/3, which the plaintiff is entitled to receive from the proceeds of the land involved here before the appellant is entitled to participate in any of it. She would be entitled to two-thirds of the balance, and the plaintiff to one-third of it.

Under the first judgment obtained, before the wife was made a party, the land was sold and brought $667.00, the plaintiff being the purchaser. That sale was set aside at the instance of the wife after she became a party, and has no bearing upon the issues here except as indicating the value of the land.

The proof taken upon that question varies, but it is extremely doubtful that the land is worth exceeding $700.00. However this may be, it is perfectly manifest

that after taking out of the sale the $383.33 1/3 first due the husband, the remaining portion would be so small that it would be difficult of division in the proportion of one-third and two-thirds, but whether that could be done or not it is apparent that until it is ascertained what the remainder of the proceeds would be no division could be made. We, therefore, conclude that the court did not err in ordering the whole of the tract sold and refusing to undertake to divide it in proportion to the interest which the husband and wife would be entitled in the proceeds.

Neither are we convinced that the judgment is in conflict with sub-section 1 of section 694 of the Civil Code for the reason that it is apparent from the pleadings and the testimony of the husband and wife as to how much each had received from the sales of the land jointly owned that the tract here involved cannot be divided in proportion to what each is entitled to share in the proceeds without materially impairing its value, because it cannot be ascertained under the peculiar facts of this case what proportion each is entitled to share in the proceeds until the land shall have been sold.

The judgment goes no further than to order a sale of the land, and the rights of the parties in and to the proceeds are left open to be adjudicated in the future, except it is determined the amount with which each joint owner should be charged.

Upon the whole, we think the judgment was proper, and it is affirmed.