## Marcum v. Marcum.

(Decided October 16, 1917.)

### Appeal from Clay Circuit Court.

1. Fraudulent Conveyances—Relations Between the Parties.—A subsequent creditor may not set aside a voluntary conveyance by the husband to the wife unless it is shown that the conveyance is actually fraudulent and was made with the intent to defeat the husband's subsequent creditors from realizing their debts.

2. Judicial Sales—Joint Owners.—No one but a joint owner may obtain a decretal sale of the entire joint property, and a creditor of one joint tenant can do no more than procure a sale of his debtor's undivided interest in the property, and this is true whether the joint property be divisible or undivisible.

A. T. W. MANNING for appellant.

W. W. RAWLINGS, RAWLINGS & WRIGHT, FAULKNER & FAULKNER and H. C. FAULKNER for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Sustaining the petition for a rehearing and reversing the judgment.

The appellee, H. B. Marcum, by his petition in the court below brought on a return of "no property found" against William Marcum, the husband of appellant, sought to discover and appropriate to the payment of his judgment property which he claimed was legally subject to his debt. By the judgment appealed from the court ordered the sale of a tract of land in its entirety, the legal title to which was held by the husband and wife jointly in proportion of one-third to the husband and two-thirds to the appellant, his wife.

The judgment found that appellant and her husband had been the owners in the same proportion of a much larger tract of land, from which sales had been made aggregating the sum of $2,350.00, and that the husband had suffered and permitted the wife to take and appropriate to her own use his one-third of the amount of those sales. The husband had also appropriated other

sums of money growing out of the joint ownership of himself and wife, and it directed a settlement between him and his wife and adjudged that out of the proceeds of the tract ordered to be sold the plaintiff would be entitled not only to the one-third interest held therein, by the husband, but also to the additional sum which might be found to be due the husband in such settlement between him and his wife. From that judgment the latter prosecutes this appeal, and in an opinion reported in 176 Ky. 318, the judgment was affirmed, and we refer to that opinion for a more detailed statement of the facts.

A petition for rehearing has been filed by appellant's attorneys, in which our attention is called to the fact that the appropriation by the wife of the proceeds of former sales of the joint property occurred before the creation of the debt sued on; and it is insisted that the appellee, being a subsequent creditor, may not attack those transactions or reach the proceeds by way of settlement between husband and wife because of the fact that he is a subsequent creditor.

The general rule of law upon the subject, as is stated in 20 Cyc. 423, is "that a voluntary conveyance cannot be set aside at the instance of subsequent creditors in the absence of proof that the conveyance was made with actual fraudulent intent." The rule as quoted has been consistently adhered to in its entirety by this court from the beginning, as will appear from its opinions in the cases of Lillard v. McGee, 4 Bibb 165; Haskell v. Bakewell, 10 B. Mon. 206; Mundy v. Mason, 4 Bush 339; Howell v. Smith, 1 Ky. Law Rep. 415; Place v. Rhem, 7 Bush 585; Enders v. Williams, 1 Met. 346; O'Kane v. Vinnedge, 108 Ky. 34; Peyton v. Webb, 29 Ky. Law Rep. 1151; Rose v. Campbell, 25 Ky. Law Rep. 885; and Frasier v. Frisbee, 27 Ky. Law Rep. 688. The doctrine of these cases applies only to the extent that there will be no presumption of a fraudulent intent on the part of the grantor in a voluntary conveyance either to his wife or others in favor of a subsequent creditor, but if the proof shows actual fraudulent intent on the part of the grantor to place his property beyond the reach of subsequent creditors, equity will interfere and assist the creditor in the collection of his debt. In this case there is no manifestation in any way of such actual fraudulent intent on the part of the husband at the time he suffered and permitted his wife to appropriate the proceeds of the sales of his undivided one-third interest

in their joint property. So that the qualification of the general rule cannot be applied to the facts of this case, and it was therefore error on the part of the court to adjudge any accounting between the appellant and her husband.

This leaves in the case only the question as to the authority of the court to order a sale of the entire tract of land. The power of a court to direct the sale of the whole of real estate held jointly by two or more is statutory, and our statute upon the subject is section 490 of the Civil Code of Practice. That section permits such a sale in a suit brought by one of the joint owners against the others (1) if the share of each owner be worth less than $100.00, and (2) if the property be in possession and it cannot be divided without materially impairing its value. By the very letter of the statute no one may force a sale of joint property by judgment of court unless he be a joint owner, and in construing the section it was held by this court in Hill v. Cornwall, 95 Ky. 512, that the entire property, whether divisible or indivisible, and regardless of the value of each joint owner's share, could not be sold at the instance of a creditor of one of the joint owners, the court saying:

"The right to sell the whole property in case of a joint holding, under section 490 of the code, may be asserted by one of the joint owners against the others, and with the case made out as provided by that section, a court of equity will order the sale. The right to sell in such a case is purely statutory, and the statute must be followed, and, although a creditor of the insolvent assignor has a beneficial interest, the chancellor's jurisdiction is confined to cases where one joint owner sues another joint owner, and no individual or firm creditor can step into the shoes of the assignee, and, because he may have a beneficial interest, large or small, assert the right to have the entire property sold."

The interpretation given to the statute in that case was referred to and again adopted in the case of Greenbaum v. Commonwealth, &c., 147 Ky. 450, wherein the court said inter alia: "But it (section 490 of the code) does not provide for a sale of real property jointly owned by two or more persons at the instance of any creditor of one or more of them, or at the instance of any person holding a lien upon the interest of one of them. The right of sale under the statute is personal to the owner, and cannot be exercised by his creditor. The creditor's

right is confined to the sale of his debtor's interest in the land."

The interpretation given the statute by these opinions not only accords with the general rules applicable to construction of statutory remedies, but it is also eminently just and proper as between all parties concerned. It permits a creditor of one of the joint owners to sell the latter's interest in the property, which is all to which the creditor is entitled, and it relieves the other joint owners from the trouble, worry, expense and annoyance of defending constantly recurring suits against some of the joint tenants in order to prevent the entire property from being sold at perhaps a great sacrifice and to the detriment of the innocent joint owners. Under this rule the court was in error when it ordered the entire tract of land in controversy sold. It should have ordered to be sold only the one-third undivided interest of the husband, William Marcum. The error of the court in thus ordering the sale of the entire property at the instance of a creditor of one of the joint owners was not called to our attention either in the original briefs in the case or in the petition for rehearing.

Wherefore, the petition is granted, the former opinion is withdrawn, and the judgment is reversed for proceedings consistent herewith.