## Towles' Admr., etc. v. Hart.

(Decided November 29, 1921.)

### Appeal from Henderson Circuit Court.

1. Infants—Guardian Ad Litem—Process.—Where the guardian of an infant is the plaintiff in the action and the ward is the defendant, the court or clerk should appoint a guardian ad litem upon whom process for the infant defendant can be served, unless the infant resides with some one on whom process can be served as provided in section 52 of the Civil Code. A judgment entered against an infant who has not been served with process in the way and manner provided in section 52 of the Civil Code is a nullity.

2. Infants—Sale of Infant's Real Estate—Process.—After real estate of an infant has been sold under a judgment entered before process was served upon the infant in the way and manner provided in section 52 of the Civil Code, the purchaser at the master's sale may have relief from his purchase and bonds if he file exceptions to the report of sale showing the fact that the infant defendant and owner of the land was not properly before the court.

3. Executors and Administrators—Action to Settle Estate.—An administrator bringing an action for the settlement of the estate of his decedent and averring that his decedent was the owner of an undivided interest in real property is entitled to a sale of only

that part of the real estate belonging to his decedent and not to a sale of the entire property.

CLAY & CLAY for appellant.

B. S. MORRIS for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

The Farmers Bank and Trust Company, as administrator of Ben Towles, deceased, instituted this action in the Henderson circuit court, under section 428 of the Civil Code, for the sale of a one-half undivided interest in a certain lot of land in the city of Henderson, alleged to be the only real estate belonging to the estate of the deceased, Ben Towles, and for a settlement of said estate and the payment of its debts. The petition averred Sylvester Crawley, an infant under fourteen years of age, was the owner of the other one-half undivided interest in the lot, and said infant and her guardian, the Farmers Bank and Trust Company, were made parties defendant along with the Peoples Building Association, which last named concern held a mortgage on the one-half undivided interest of Towles in the said town lot. Summons was issued on the petition and served upon the defendant, Peoples Building Association only. The infant defendant, Sylvester Crawley, was not served with process, nor was her guardian, the Farmers Bank and Trust Company, or any one served with process for her. The case proceeded to judgment, the commissioner being directed to sell the whole of the land to the highest and best bidder, it being adjudged that the lot was indivisible, as alleged in the petition. The sale was about to be carried out by the master commissioner when it was discovered that the infant had not been served with process, whereupon the attorney for the plaintiff entered a motion that the court appoint a guardian *ad litem* for the infant, Sylvester Crawley. The motion was sustained and Odie Duncan, a regular practicing attorney at the Henderson bar, was duly appointed and filed the usual report, saying that he had carefully examined the pleadings in the case and knew of no defense that could be made on behalf of the infant defendant. At a subsequent day of the term, after the filing of the answer of the guardian *ad litem*, the court entered an order that the master commissioner sell the property set out in the judgment entered on October 24, 1918, on the same terms and conditions as set out in said

judgment. Following this the master commissioner did again advertise the property for sale, and on the day fixed sold it to the highest bidder for $722.00, taking three bonds from the purchaser due in six, twelve and eighteen months for the purchase money. Before the bonds became due the purchaser, now appellee, Susan Reeve Hart, filed exceptions to the commissioner's report of sale, wherein is set out the following grounds:

"1. The defendants in this action are the Peoples Building Association, Farmers Bank and Trust Company, guardian of Sylvester Crawley, and Sylvester Crawley, infant under 14 years of age; that the said Farmers Bank and Trust Company, as the administrator of Ben Towles, deceased, is the plaintiff in this action; that the said infant's father and mother are both dead; that no summons has ever been served upon said infant nor upon his statutory guardian, nor guardian *ad litem* appointed for him for that purpose, nor person having charge of him, nor upon any person for him, as required by section 52 of the Civil Code of Practice, and said infant is not now and was not at the time of said judgment and order herein nor at the time of said sale before the court.

"2. The appointment of Odie Duncan, guardian *ad litem,* for said infant, deft., was made before the said infant or any one for him, as authorized by section 52 of the Civil Code of Practice, had been summoned, and by the provisions of sec. 36 of the Code is therefore void and said infant is not before this court, and the sale hereinabove mentioned is therefore void and of no effect, and does not pass title in the property sold to this purchaser."

These exceptions were sustained by the court, the sale set aside and the purchase money bonds cancelled. From this order the administrator of Ben Towles appeals to this court.

It is insisted for appellant that the appointment of the guardian *ad litem* was regular and that the infant defendant, Sylvester Crawley, was properly before the court and the judgment and sale valid. It must be remembered that this is an action for the settlement of the estate of Ben Towles brought under section 428 of the Civil Code and not an action by a guardian under section 489 of the Civil Code for the sale of real estate of an infant. If the guardian of the infant were plaintiff we might invoke the rule applied in Ellis v. Smith's Guardian, et al., 147 Ky. 99; Howard, &c. v. Singleton, &c., 94 Ky. 336; Shelby, &c. v. Harrison, Jr., etc., 84 Ky. 148, and

Scott v. Graves, et al., 153 Ky. 221, which relieves from the necessity of serving an infant defendant with such process. In those cases the guardian was acting for and on behalf of the infant in bringing the action. Here the administrator of another person is bringing an action for the settlement of the estate of his decedent. In cases of this character we have held that a creditor of one joint tenant can not have a sale of the entire property, but can do no more than procure a sale of his debtor's undivided interest in the property, even if the property be indivisible. Marcum v. Marcum, 177 Ky. 186; Hill v. Cornwall, 95 Ky. 512; Greenbaum v. Comth., 147 Ky. 450.

The administrator of Towles was entitled to have a sale of only that part of the lot in controversy which belonged to the estate of Towles and not entitled to a sale of the entire lot. In this view of the case the court properly sustained the exceptions to the report of sale of the master commissioner, set aside the sale and cancelled the purchase money bonds. Moreover, under the facts of this case, aside from the rule above stated, it would be necessary to the validity of the judgment extracting title that the infant defendant be summoned in the way and manner provided in section 52 of the Civil Code. Her father and mother both being dead and the plaintiff being her guardian the necessary affidavit should have been filed as provided in subsection 2 of section 52 of the Civil Code, whereupon the clerk, if the affidavit be filed before him or the circuit judge if presented to him, would have appointed a guardian *ad litem* upon whom process could have been served for the infant. Later the court would have named a guardian *ad litem* for the answering infant defendant, which guardian *ad litem* might have been the same person named in the first order appointing a guardian *ad litem* or some other person. The process could no doubt have been served upon the person having charge of the infant, Sylvester Crawley, for the corporation could not, as an entity, have had charge of its ward, but of necessity must have placed the actual custody of the infant with some individual who was the "person having charge of him" within the meaning of the Code.

The petition being by the administrator of Towles did not state facts sufficient to entitle the plaintiff to a sale of the undivided interest of the infant, Sylvester Crawley, in the lot in question. For this reason the exceptions to the report of sale of the master commissioner were properly sustained by the lower court. In an action

by any one other than the guardian of an infant for the sale of the real estate of the infant process must be served as directed by section 52 of the Civil Code. The failure of the plaintiff to comply with the provisions of said section was available as an exception to the report of sale.

The judgment is, therefore, affirmed.