## Lakes v. Goodloe, Judge.

(Decided June 23, 1922.)

## Petition for Writ of Prohibition.

1.  Prohibition—Want or Excess of Jurisdiction—Remedy.—A writ of prohibition will not be granted by the Court of Appeals against an inferior jurisdiction, unless the inferior jurisdiction is traveling out of its jurisdiction, or is proceeding irregularly within it, and there is no other adequate remedy by appeal or otherwise.

2.  Prohibition—Want or Excess of Jurisdiction—Remedy.—The Court of Appeals will not grant a writ of prohibition against a jurisdiction inferior to the circuit court, if an application to the circuit court will furnish the aggrieved party an adequate remedy.

3.  Constitutional Law—Legislature Supreme in its Own Sphere.—The legislative department of the government is supreme within the sphere of its constitutional activities, and is immune from interference by the judiciary, if it does not transcend its powers.

4.  Courts—Court of Appeals—Powers of Legislature.—The Court of Appeals has by common acquiescence and precedent been invested with authority to determine the powers of the legislature, as well as its own, but, it must remain within its own powers as scrupulously as it is required to restrain the legislature, when it exceeds its powers.

5.  Statutes—Expediency is Political Question.—The expediency of a statute, or whether the public good demands it are political questions, with which the courts have nothing to do.

6.  Constitutional Law—Enactment of Statute.—In determining whether in enacting a statute, the legislature contravenes any constitutional inhibition, the presumption is, that it is acting within its powers and all doubts must be resolved in favor of the validity of the legislation.

7.  Constitutional Law—Powers of Legislature.—The legislature of this state is empowered to do anything which the Constitution does not prohibit.

8.  Intoxicating Liquors—Legislature May Make Possession Public Offense.—The legislature under the Constitutional mandate to enforce the provisions of the 7th Amendment by appropriate legislation is empowered to make the possession of spirituous liquor, which has been acquired unlawfully, or which is intended to be used unlawfully, a public offense, such an enactment having a logical tendency to restrict the manufacture, sale and transportation of intoxicating liquors.

9.  Intoxicating Liquors—Adoption of Seventh Amendment.—The adoption of the 7th Amendment to the Constitution of the State and the 18th Amendment to the Federal Constituion set up a public policy in this state to prohibit the use of intoxicating liquors for beverage purposes.

10. Statutes—Subjects and Titles.—The title to Chapter 33, Session Acts, 1922, does not express but one general subject.

11. Statutes—Subjects and Titles.—An independent act, which does not purport to be an amendatory act, may have the effect of repealing or amending all prior acts, inconsistent with it, and that without referring to them or re-enacting any portion of them, and will not be contrary to Section 51 of the Constitution on that account.

12. Indictment and Information—Statutory Misdemeanor not Indictable.—A statutory misdemeanor, the punishment for which is not infamous, is not an indictable offense, within the meaning of Section 12 of the Constitution.

13. Criminal Law—Constitutional Law—Infamous Punishment.—Infamous punishment in this jurisdiction is death or confinement in the state penitentiary or reformatory, and such imprisonment can be imposed for a felony only.

14. Criminal Law—Constitutional Law—Infamous Crime.—An infamous crime, as referred to in the 5th Amendment of the Federal Constitution, is not an offense against a state statute, but has reference to an offense created by Congress.

15. Jury—In Inferior Courts.—Under Section 248 of the Constitution a jury in a court inferior to the circuit court is composed of six persons, only.

16. Statutes—Local or Special Laws.—When the legislature creates an offense by a general law and provides for the punishment of any person, who commits the offense, and the law operates upon all persons equally and alike it is not a local or special law, within the meaning of Section 59 of the Constitution.

17. Statutes—Uniform Jurisdiction.—A statute, which gives jurisdiction of certain offenses to all the courts of the same class, throughout the state, confers uniform jurisdiction and does not violate Section 142 of the Constitution.

18. Criminal Law—Execution of Bond After First Conviction.—The requirement to execute a bond, after the first conviction of an offense against Chapter 33, Session Acts, 1922, is not a part of the punishment for the crime, nor in providing it does the legislature exercise a judicial function.

19. Statutes—Emergency Clause.—The determination of what reasons are sufficient for the emergency clause of a statute under Section 55 of the Constitution, is within the competency of the legislature.

R. C. OLDHAM, G. T. ROSS and SNYDER & ADKINS, for plaintiff.

CHAS. I. DAWSON, Attorney General, J. P. CHENAULT, and BECKHAM & HAMILTON for defendant.

OPINION OF THE COURT BY CHIEF JUSTICE HURT—Dismissing.

The plaintiff, Mat Lakes, was arrested under a warrant which accused him of the offense of unlawfully having in his possession spirituous liquors, other than for sacramental, medicinal, scientific or mechanical pur-

poses, in Madison county. The warrant was issued by the defendant, as judge of the Madison quarterly court, before whom the plaintiff was carried by the arresting officer. A day was designated for the trial of the plaintiff, upon the charge stated in the warrant, and the judge of the quarterly court was intending to proceed to try him under the warrant and in accordance with the procedure provided for the trial of misdemeanors in the quarterly court, or before the judge of the county court, and to visit upon him, if guilty, the punishment prescribed for the offense by the Prohibition Act of March 22, 1922, which, in the instance of a first conviction, was a fine in a sum not less than $100.00 nor more than $300.00 and imprisonment for a term not less than thirty days nor more than sixty days, and as a result of a conviction the requirement that he execute bond to the Commonwealth in a sum not less than $1,000.00 nor exceeding $5,000.00, as might be fixed by the judge in his discretion, conditioned that plaintiff would be of good behavior and would not violate any of the laws relative to the sale, possession, transportation or manufacture of intoxicating liquors for twelve months, and in default of the execution of the bond that he be imprisoned in the county jail for a period of ninety days.

The plaintiff thereupon instituted this action in this court praying for the granting of a writ permanently prohibiting the defendant from trying him upon the charge, or in any event causing him to undergo anything other than an examining trial.

The defendant interposed a general demurrer to the petition and the cause is submitted upon same.

Ordinarily a petition for a writ of prohibition against a judge of a court of inferior jurisdiction to a circuit court, will be dismissed when filed in this court, upon the ground, that the petitioner has an adequate remedy by application to the circuit court, but under the peculiar circumstances existing in this case, to make application to the circuit court would not afford an adequate remedy.

Plaintiff insists that Chap. 33, Session Acts, 1922, by virtue of which the proceedings against him are proposed and which authorizes his arrest, prosecution and conviction for the offense of which he is accused in the warrant, is contrary to the provisions of both the State and Federal Constitutions, in many essentials, and is therefore void, and for such reason the defendant, as the county judge or judge of the quarterly court, is without jurisdic-

tion to try or to impose upon him any of the penalties denounced by the provisions of the chapter, *supra*.

As preliminary to the discussion of the many separate grounds upon which the statute is assailed, as being contrary to the rights and privileges guaranteed and granted to the citizens by the provisions of the State and Federal Constitutions it should be said, that the legislative department of the government has supreme authority within the sphere of its powers, and its acts are immune from interference or disturbance from the judiciary, unless it transcends its powers by undertaking by legislation in some way to override the safeguards created by the provisions of the Constitution. The fact that a statute is drastic or impolitic or in the opinion of many not conducive to the best interests of the public, or deprives citizens of privileges which many think they ought to have, does not empower or authorize a court to set it aside or to render it inoperative, if the legislature has not transcended its authority in enacting it. While this court has, by common acquiescence and precedent of more than a century, been invested with authority to determine when the legislature exceeds its powers or does not exert them in the manner and according to the method which the Constitution prescribes, it must, also, be the judge of its own powers and authority, and is bound as scrupulously to exercise its functions, within the pale of its jurisdiction, and not to exceed it, as it is to lay a restraining hand upon the legislature when it goes beyond its powers. If the judicial conscience did not impel adherence to such principle, our form of government, which has been builded with such care, would evolve into a judicial oligarchy, and the free representatives of the people, and through them the people themselves, would be shorn of the power to enact legislation, which was not, in the opinion of the judiciary, politic or expedient, although the foundation stone of our system rests upon the will and consent of the governed. The expediency of a statute, or whether or not the public weal demands its enactment, are political questions, which address themselves to the legislative department of the government, and with such phases of those questions, the judiciary has nothing to do. So, in the consideration of the provisions of the statute under discussion, it is not within the province of this or any other court to set aside its provisions, because, in the opinion of many, its terms are more drastic than the public good demands, as

the only question for the consideration of the courts is whether a provision of the statute is within the power of the legislature to enact, and if so has it enacted it in the way provided by the Constitution? Furthermore, in the determination of whether a legislative act does or does not contravene a constitutional requirement, the doctrine is well settled by a century of precedents, not only in this jurisdiction but in every other jurisdiction, that the legislature, when it has enacted a statute, is presumed to have done so in accordance with the constitutional requirements and that its provisions are not contrary to any constitutional right and, unless after the statute and the constitutional provisions have both been given a liberal construction with the purpose in view of sustaining the legislative action, it is yet found to be clearly in contravention of a constitutional requirement the legislation must be upheld. Collins v. Henderson, 11 Bush 74; Ragland v. Anderson, 125 Ky. 141; Aldridge v. Comwth., 192 Ky. 215; C. S. Company v. Moreland, 126 Ky. 656; Comwth. v. Robinson, 192 Ky. 374. This principle has been the outgrowth of the nature of our governmental system, and the principles upon which it is founded, as it is considered to be more consistent with these principles that the will of the majority should prevail, than that the courts should seek by one pretext and another, and upon doubtful grounds to overturn the will of the majority.

(a) It is insisted for the plaintiff, that the legislature exceeded its powers when it attempted to make the mere possession of spirituous liquors a public offense, and that as a consequence he has been arrested and proposed to be punished for an act which is not unlawful, and which the legislature has no power to make unlawful. Section 1, of the legislative act in question, provides as follows:

"That it shall be unlawful to manufacture, sell, barter, give away or keep for sale, or unlawfully have in possession or transport spirituous, vinous, malt or intoxicating liquors, except for sacramental, medicinal, scientific or mechanical purposes in the Commonwealth of Kentucky." Section 9 of the Act, provides as follows: "No person or persons, company or corporation, shall possess or have in possession any spirituous, vinous, malt or intoxicating liquors, unless same have been lawfully acquired, and are intended to be used lawfully; and in any suit, prosecution, proceeding, action or motion con-

cerning same, the burden of proving that same have been acquired and are intended to be used lawfully, shall be upon the defendant or defendants.'' It will be observed that the latter section defines the liquors of which the possession is unlawful, and the relation which the possessor must bear to them to make the possession unlawful. The mere possession is not made an offense, but the possession must have been unlawfully acquired or the possession must be maintained with an intention on the part of the possessor to make an unlawful use of the liquor, in order to constitute the offense. The statute goes one step further than our former prohibitory laws, which made the possession with an intention to make an illegal use of the liquor a public offense, but visited no penalty upon the possession acquired in an unlawful way. The present statute makes it unlawful to manufacture, sell, barter or give away the designated liquors, except for sacramental, medicinal, scientific or mechanical purposes. It is easy to see that the prohibition is in reality directed against the use of intoxicating liquors as a beverage. The acts which the statute makes penal—the manufacture, sale, gift, possession, keeping for sale or transportation —are of themselves entirely harmless and unproductive of the many evils, which the partisans of sumptuary legislation rely upon to justify it, and no one pretends that the prohibition of these acts is for any purpose, except to make difficult, and thereby restrict the use of intoxicating liquors as a beverage. Of course, that was the legislative design and purpose. The statute through its own provisions, and by reference to Federal legislation and regulations, provides the manner by which the possession of intoxicating liquors may be acquired for the purposes which, under the statute, they may be had. It is not necessary to advert to the facts and circumstances under which possession of intoxicating liquors may be had, and which may be held to be lawful, as there is no concrete case before us, but the various states of case will develop as the act may be enforced, and such questions will be determined as they arise.

The insistence is made, that in as much as the 7th amendment to the State Constitution, and which is designated in the 1922 edition of the Ky. Stats., as section 226a of that instrument, does not prohibit the act of having in possession intoxicating liquors acquired in an unlawful way, and that the act in so far as it attempts to

make an offense out of such an act, is unconstitutional and void. The 7th amendment is as follows:

"After June 30, 1920, the manufacture, sale or transportation of spirituous, vinous and malt liquors, except for sacramental, medicinal, scientific or mechanical purposes in the Commonwealth of Kentucky, is hereby prohibited. All sections or parts thereof of the Constitution in so far as they may be inconsistent with this section, are hereby repealed and nullified. The General Assembly shall enforce this section by appropriate legislation."

"It will, however, be kept in mind, that the General Assembly is not dependent upon the provisions of the Constitution to give it power to legislate upon a subject. Its powers of legislation extend into every zone wherein it is not prohibited by a provision of the Constitution, or in other words it may do whatever the Constitution does not prohibit its doing. The instrument does not prohibit the General Assembly from creating an offense of the act of having in possession intoxicating liquors acquired in an unlawful way, or which are held to be used for an unlawful purpose. Previous to the adoption of the 7th Amendment, when the only provisions of the Constitution relating to intoxicating liquors were subsection 27 of section 59 which prohibited special legislation relating to local option, and section 154 which authorized the legislature to prohibit the sale or gift of intoxicating liquors on an election day, and section 51 which provided that the legislature should by general law provide a means whereby the people in a district might by a majority vote to that effect, prohibit the sale, loan or barter of intoxicating liquors, or regulate their sale, it was held in Campbell v. Comwth., 133 Ky. 50, and Comwth. v. Smith, 163 Ky. 227 and other cases following them, that these provisions of the Constitution set up a public policy of the state to the effect that no restriction should be placed upon intoxicating liquors, except such as had necessary relation to their sale, barter or loan, and precluded any power of the state to make an offense out of the act of having liquors in possession, unless attended by an intention to sell them. When the 7th Amendment of the Constitution was adopted, however, all the clauses of the Constitution inconsistent with it were nullified, and a new public policy was established, having for its real purpose the restriction of the use of intoxicating liquors for beverage purposes. This amendment of the Constitution of the state is consistent with the public policy established

by the 18th Amendment of the Constitution of the United States, which prohibits the manufacture, sale or transportation of intoxicating liquors for beverage purposes. The prohibitions of the 7th Amendment to the Constitution of the state were against the manufacture, sale or transportation of intoxicating liquors, and its mandate to the legislature to enforce those provisions by appropriate legislation, bestowed upon it the power, if it didn't have it already, to adopt any legislation which would have a natural tendency to effect the result demanded by the amendment, and thus to penalize the act of having liquors in possession which were unlawfully acquired. The prohibition of the act of having liquors in possession unlawfully acquired, can not be considered in any other light than as a logical aid to the prevention of the manufacture, sale and transportation of spirituous liquors for purposes other than those designated in the statute. The power of the legislature to enact such legislation has been a subject under discussion in many courts, and they have differed as widely about the power of the legislature to enact legislation of this character, as the people have touching the propriety and expediency of such legislation. The following, however, are some of the cases in other jurisdictions, which have held in one way and another, that the legislature has power without any constitutional mandate to enact any legislation which has a logical tendency to prevent the excessive use of intoxicating liquors as a beverage: Delaney v. Plunkett, L. R. A. 1917d 926; Mulger v. Kansas, 123 U. S. 623; Re Crane 27 Idaho, 671; Barbour v. State, 92 S. E. 70; Southern Expo. Company v. Whittle, 194 Ala. 406; Brennen v. Southern Expo. 90 S. E. 402; Selma v. Brewer, 98 Pac. 61; State v. Clark, 28 N. H. 176; Cohen v. State, 65 S. E. 1096; Easley v. Pegg, 63 S. C. 98; Wright v. Macon, 64 S. E. 807; State v. Phillips, 67 So. 651.

(b) It is contended that the act is void, because it relates to more than one subject, in violation of section 51 of the Constitution, which provides that:

"No law enacted by the General Assembly shall relate to more than one subject, and that shall be expressed in the title. . . . " The plaintiff insists that the title relates to four subjects. If this contention was tenable, the entire act would be void. Hind v. Rice, 10 Bush 528; Allen v. Hall, 14 Bush 85. The title of the act is as follows:

"An act to prohibit the manufacture, sale, transportation, possession or other disposition of spirituous, vinous, malt or other intoxicating liquors, except for sacramental, medicinal, scientific or mechanical purposes; to regulate the manufacture, sale, ownership and possession of apparatus designed for the manufacture of spirituous, vinous, malt or intoxicating liquors in the Commonwealth of Kentucky; to regulate the manufacture, sale and transportation of alcohol for non-beverage purposes; to provide a penalty for violation of the provisions of this act; to impose upon the Commonwealth's attorneys additional duties in the enforcement of this act, and to provide compensation therefor, conferring on quarterly courts and the judges thereof, police courts and justices of the peace concurrent jurisdictions with the circuit courts in the trial of offenses under this act, where the punishment does not exceed a fine of $300.00 and imprisonment in the county jail not exceeding sixty days, and declaring an emergency to exist." A cursory observation shows that this title relates to one subject, only, and that is the prohibition of the making, use or disposal of intoxicating liquors, save for the purposes excepted. The one general subject to which the title relates is the prevention of the use of intoxicating liquors, except for sacramental, medicinal, scientific or mechanical purposes. Comwth. v. Robinson, 192 Ky. 374. The title indeed is more extended and elaborate than it need be, but there is but one general subject. The method and means of carrying out the purpose and subject of the act which are expressed in the title, do not render it invalid, nor the statement of the subject matter of the act, in the title, with greater detail than is necessary, does not render the act unconstitutional. Allen v. Hall, *supra,* Bowman v. Hamlett, 159 Ky. 184. The things which it is insisted constitute different subjects are but phases of the one general subject, and all are germane to it. The quoted portion of section 51, *supra,* has for its purpose the prevention of the enactment of surreptitious legislation by requiring the title of an act to give notice to the legislature and country of the nature of the provisions of a bill and to prevent logrolling in legislative assemblies, by combining several subjects of desired legislation in one bill, so that the advocates of the different subjects may combine in its support. This section has always been given a liberal interpretation so that all doubts about the validity of the title to an act are resolved in

favor of the validity of the legislative action. As to the provisions of an act of the General Assembly, all of them which are "naturally connected with and are not foreign to the subject expressed in the title," are valid. Williams v. Wedding, 165 Ky. 361; Conley v. Comwth., 98 Ky. 125; McGlone v. Womack, 129 Ky. 274; Comwth. v. Starr, 160 Ky. 260; Munn v. Bank, 107 Ky. 262; Burnside v. Lincoln County Court, 86 Ky. 423.

(c) Section 1141, Ky. Stats., provides as follows:

"In misdemeanor cases where the highest penalty that may be imposed is a fine of $100.00 and imprisonment for fifty days, the offender may be prosecuted by warrant as provided in the Criminal Code, or by information, etc." Section 9 of the Criminal Code, provides that all offenses may be prosecuted by indictment, except offenses exclusively within the jurisdiction of justices of the peace, or of police or city courts, and section 10 of the Criminal Code provides:

"Offenses within the jurisdiction of a justice of the peace, or of city or police courts, the punishment of which is a fine limited to $100.00, may be prosecuted by a summons or warrant of arrest, etc. . . ."

Section 306, Criminal Code, provides as follows:

"No indictment shall be necessary in prosecutions for violations of the bylaws or ordinances of a city or town, nor any other prosecutions in police or city courts, unless the punishment of the offense exceed a fine of $100.00, or confinement for thirty days."

Section 1093, Kentucky Statutes, is as follows:

"Justices and quarterly courts, and the judges thereof, shall have jurisdiction . . . concurrent with circuit courts of all penal offenses, the punishment of which is limited to a fine not exceeding $100.00, or imprisonment not exceeding fifty days, or both."

Based upon the terms of the foregoing sections of 9, 10 and 306 of the Criminal Code, and sections 1141 and 1093 of Kentucky Statutes, three grounds are urged for holding invalid section 41 of chapter 33, Session Acts, 1922, which section is as follows:

"Quarterly courts and the judges thereof, justices of the peace and police courts, have concurrent jurisdiction with the circuit court in the trial of all offenses committed in their respective jurisdictions, under the provisions of this act, where the penalty which may be inflicted does not exceed a fine of $300.00 and imprisonment in the county jail not exceeding sixty days, and said court shall always

be open for the trial of such offenses.'' The three grounds of the invalidity of the above section are that it violates sections 51, 7, and 12 of the Constitution. That it is violative of that portion of section 51 which provides that ''No law shall be revised, amended or the provisions thereof extended or conferred by reference to its title only, but so much thereof as is revised, amended, extended or conferred shall be re-enacted and published at length,'' for the reason that it confers jurisdiction upon the quarterly courts, the county judge, justices of the peace and police courts of all offenses under the act, the punishment of which is limited to a fine of not exceeding $300.00 and imprisonment not exceeding fifty days in contradiction of section 1093, Kentucky Statutes, which limits their jurisdiction of penal offenses to those wherein the punishment does not exceed a fine of $100.00 and imprisonment exceeding fifty days, and thus attempts to ''revise, amend and extend'' the provisions of section 1093, *supra,* without any reference to it by title or otherwise, and without re-enacting the portion of it which is ''revised, amended or extended.'' For the same reason it is contended that section 41, *supra,* violates section 51 of the Constitution, in that it confers as a consequence of the jurisdiction bestowed, the power to prosecute for violations of the provisions of chapter 33, *supra,* by warrant or information in the designated inferior courts, when section 1141, Kentucky Statutes, *supra,* and sections 9, 10 and 306 of the Criminal Code provide that offenses, the punishment for which exceeds a fine of $100.00 or imprisonment for fifty days, must be prosecuted by indictment, and section 41, *supra,* makes no reference to nor re-enacts any parts of the sections of the statutes, and Criminal Code which it revises, amends or extends. The vice in this contention is that section 41, *supra,* nor any part of chapter 33, *supra,* pretends to be an amendatory act of any other statute, and does not revise, amend or extend the provisions of the statutes and sections of the Code, heretofore, regulating the jurisdiction of the inferior courts or the method of procedure therein, but by implication it repeals those statutes to the extent that they limit the jurisdiction of the quarterly, justices' and police courts to the trial of offenses, the punishment of which is a fine not exceeding $100.00 and imprisonment not exceeding fifty days, and requires the prosecution for misdemeanors to be by indictment when the punishment exceeds a fine of $100.00 and fifty days' imprisonment,

so far as relates to offenses against the act in question, and upon the other hand gives to such courts the jurisdiction according to the punishment stated in the act. The statutes above referred to remain in full force and effect, except to the extent they are repealed by section 41, *supra,* which in so far as they are in conflict with the terms of the latter section, and only as relating to offenses against the provisions of chapter 33, *supra,* where the punishment does not exceed a fine of $300.00 and sixty days' imprisonment. It is well settled that a later act of the General Assembly, which is an independent enactment and does not purport to amend or revise any prior act, and makes no reference to any prior act, may have the effect of amending or repealing as many prior acts as are inconsistent with it, and that without referring to them, or re-enacting any portion of them, and, also, without suffering annihilation from the provisions of section 51 of the Constitution. Board of Penitentiary Commissioners v. Spencer, 159 Ky. 255; Murphy v. City of Louisville, 114 Ky. 762; Purnell v. Mann, 105 Ky. 87; Herndon v. Farmer, 114 Ky. 200.

(d) The conferring of jurisdiction upon quarterly courts, justices of the peace and police courts, concurrent with the circuit courts, in the trial of offenses against chapter 33, *supra,* where the punishment does not exceed a fine of $300.00 and sixty days' imprisonment, necessarily carried with it the bestowal of the jurisdiction, the power to exercise that jurisdiction, and hence, to try the offenses upon warrants of arrest and information in those courts, and plaintiff contends that because of that fact, section 41, *supra,* is violative of section 12 of the Constitution, which provides that:

"No person for an indictable offense shall be proceeded against criminally by information, etc. . . . "

The inferior courts, except the police courts, being without the machinery necessary to cause indictments to be returned, if an offense against chapter 33, *supra,* the punishment of which is limited to a fine of not exceeding $300.00 and imprisonment not exceeding sixty days, but the punishment for which is as much as a fine of $100.00 and fifty days' imprisonment, is an "indictable offense" within the meaning of section 12, *supra,* an attempt to prosecute such an offense by warrant or information would certainly be unauthorized. It has, however, been consistently held that the term "indictable offense," as used in this section of the Constitution, has reference

to common law offenses, or to statutory offenses, the punishments for which are "infamous." It has no reference to a statutory misdemeanor, because the same power which created the misdemeanor, had the power to prescribe its method of punishment. The offense with which the plaintiff is charged is a statutory misdemeanor as there was never any such offense at the common law, and "infamous" punishment, as held in this jurisdiction, is death or imprisonment in the penitentiary of the state, following a conviction of a felony, and confinement in the county jail upon conviction for a misdemeanor, although attended with hard labor, has never been regarded as an infamous punishment. Commonwealth v. Avery, 14 Bush 625; Lowry v. Commonwealth, 18 K. L. R. 481; Commonwealth v. Carter, 152 Ky. 463; 22 Cyc. 184; Makin v. U. S., 117 U. S. 348. The greater number of the misdemeanors which the inferior courts are authorized in this state to finally try upon warrants and informations, are attended with imprisonment, and to hold that such offenses cannot be prosecuted, except by indictment, would destroy the jurisdiction of these inferior courts in nearly every instance. The proceeding to punish an offender under chapter 33, *supra*, upon a warrant of arrest or information, in place of an indictment, does not violate the fifth amendment to the Federal Constitution as contended. The amendment does provide that "No person shall be held to answer for a capital or other infamous crime, unless on presentment or indictment of a grand jury, etc.," but the provisions of that section of the Federal Constitution have no reference nor application to a misdemeanor committed against the statute of a state. It applies to proceeding in Federal courts and to powers of Congress. Barrington v. Mo., 205 U. S. 483; Jack v. Kansas, 199 U. S. 372; Hunter v. Pittsburg, 207 U. S. 161.

(e) The seventh section of the Constitution provides: "The ancient mode of trial by jury shall be held sacred, and the right thereof inviolate, subject to such modifications as may be authorized by this Constitution." It is contended that because a jury in the quarterly or police court, or in a court of the justice of the peace, is limited to six persons, only, that section 41 of chapter 33, *supra*, is contrary to the provisions of the above section of the Constitution, in as much as the ancient mode of trial by jury required twelve persons to compose a jury. This section, however, only guarantees the ancient mode of trial by jury subject to such modifications as may be

made by the Constitution, and in section 248 of the Constitution, a modification was made to the effect that in inferior courts a jury should consist of six persons, only, and otherwise it is not contended that section 41, *supra,* does in any way interfere with the ancient mode of trial by jury.

(f) Section 41 of chapter 33, *supra,* is assailed upon the ground that it is contrary to section 59 of the Constitution, in that it is special legislation. Section 59 reads:

"The General Assembly shall not pass local or special acts concerning any of the following subjects, or for any of the following purposes.

"Subsection 4. To regulate the punishment of crimes and misdemeanors, or to remit fines, penalties or forfeitures.

"Subsection 29. In all other cases where a general law can be made applicable."

It is not argued that section 41, *supra,* is not a general law and applicable to all persons alike throughout the state, who may be subject to its provisions. It does not single out any particular persons or any particular localities in which its provisions are made applicable. The section and subsections of the Constitution above referred to have never been held to prohibit the legislature from making an act unlawful and prescribing a punishment and the method of administering it, if it applied to all persons alike, and to all persons in the state alike. As said in Singleton v. Commonwealth, 164 Ky. 243, "The words of the Constitution are to be read and understood according to their common usage and ordinary meaning and when the legislature creates an offense by general law, and provides by this general law for the punishment of any person committing this offense, the law operates equally and alike in all parts of the state, and upon all persons, and is not local or special legislation." The argument is, however, that it is special legislation, because it confers jurisdiction upon the inferior courts for the trial of first offenders against the prohibition laws, which is in excess of the jurisdiction which is conferred upon those courts generally for trying offenders of any other class. The legislature has the power to prescribe the jurisdiction of the various courts and the fact that it assigns to all the courts of a certain class the jurisdiction wherein the punishment is greater than for other offenses of which the same class of courts have jurisdiction, does not make the act creating the law a

special one, if there is not in some way an unnatural and arbitrary classification—that is that it does not embrace all of a class which naturally belong to it, or exclude parts of a class which it ought to include. The jurisdiction bestowed by section 41, *supra,* gives to every court of the same class throughout the state, the same jurisdiction over the same class of offenses and the power to deal with every person who may be guilty of the offense. The bestowal upon the quarterly, police and justices' courts, the jurisdiction to try every one for every offense touching the manufacture, sale or transportation of intoxicating liquors, within certain limitations as to punishment, is a classification which no one would insist is unnatural or arbitrary. Our criminal laws are crowded with classifications. The legislature selects a class and treats it separately, and the courts are not authorized to interfere on the ground that the classification is arbitrary, unless there is an inclusion of something which does not naturally belong to the class, or an exclusion of something which naturally belongs to it. The making of a class consisting of those who offend the laws touching intoxicating liquors, and treating them separately from any other class of offenders, was in the opinion of the legislature justified by a reasonable difference between them as a class and other classes, and this the legislature was competent to do. The following cases are thought to support the doctrine herein expressed: Stone v. Wilson, 17 K. L. R. 126; Winston v. Stone, 102 Ky. 433; Commonwealth v. Goldberg, 167 Ky. 107; McInteer v. Moss, 144 Ky. 667; Commonwealth v. Hillside Coal Co., 109 Ky. 47; Safety Building and Loan Association v. Ecklar, 106 Ky. 115; Commonwealth v. Remington Typewriter Co., 127 Ky. 177; State Racing Commission v. Latonia Agr. Asso., 136 Ky. 173.

(g) Section 142 of the Constitution provides that the jurisdiction of the justices of the peace shall be uniform throughout the state and section 139 of that instrument make the same requirements as to quarterly courts, but section 41, *supra,* does not violate either of those provisions, as the jurisdiction conferred by it is uniform throughout the state, apply to each justice of the peace alike, and the same as to quarterly courts. Kilborn v. Chapman, 163 Ky. 136; Commonwealth v. Hightower, 163 Ky. 441; Lynn v. Bullock, 189 Ky. 604; Stone v. Paducah, 120 Ky. 322.

(h) It is insisted that section 14 of chapter 33, *supra,* which authorizes the issue of search warrants, violates section 10 of the Constitution, but this question is not presented here, as there is no allegation that the defendant threatens, or is about to issue any such warrant.

(i) Sections 27 and 28 of the Constitution, provide that the government of the state shall be divided into three departments, and each department confined to a separate body of magistracy, the legislative, executive and judicial, and that neither of these departments shall exercise any power properly belonging to either of the others, except in the instances expressly directed or permitted, and it is urged here that section 18 of chapter 33, *supra,* violates these constitutional provisions in that the legislature provided by section 18, *supra,* that upon a first conviction of a violation of the act, that the court should require the offender to execute a bond to be of good behavior, and not to violate any law of the state relating to the sale, possession, transportation or manufacture of intoxicating liquors for twelve months, and in default of such bond, be committed to jail for ninety days, from which order requiring the bond there should be no appeal. It is the requirements of section 18, *supra,* combined with the provisions of the sections of the statutes which give to the quarterly courts jurisdiction to try and convict an offender against such statutes, and which are here assailed for unconstitutionality, which give this court jurisdiction of the present action, as by virtue of it, if one suffers a conviction for a violation of the act, as provided by the other sections, although they may be invalid, the court must require the bond of him, and in an amount not less than $1,000.00 and not more than $5,000.00, and in default of it, he is committed to jail for ninety days, and from this order an appeal is denied, and hence, there is no remedy afforded by an appeal or otherwise, from this judgment of conviction if erroneous, and which follows as a consequence the conviction of a violation of any of the sections of the act which give to the court jurisdiction. The only ground by which the defendants could be restrained by a writ of prohibition, from exercising the power granted to him by section 18 of the act, is that the section is invalid, for if the defendant has jurisdiction to require the execution of the bond, he can not be restrained by this court from exercising it in a regular way. The contention is that the legislature by that section attempts to exercise a judicial function by providing as a

matter of fact, that a punishment should be visited upon a citizen without any discretion upon the part of the court, as to the necessity of such penalty, and that the execution of the bond is a part of the punishment prescribed for the offense and that the legislature is not authorized to enact such legislation. Upon the other hand, it is contended for the defendant that the requirement of a bond, following conviction, is not a part of the punishment for the offense, but is a provision against future violations of the law, and such is the construction which the legislature enacted should be placed upon it. Whatever opinion this court would have entertained, if this was a matter of first impression, it seems to have been settled, heretofore, adversely to the contentions of the plaintiff by the opinion of this court in Commonwealth v. Lay, 176 Ky. 320, and the authorities therein cited. Neither is it necessary or proper to advert to what would be the effect upon the order requiring the bond when the judgment authorizing it has been set aside or reversed upon appeal, since our jurisdiction in this proceeding goes to the extent, only, of determining whether the defendant as judge of the quarterly court has jurisdiction to require the bond, and what effect circumstances which may occur hereafter will have upon its obligations, are questions not now before us.

Suffice it to say that the legislature made a conviction a sufficient evidence of the necessity of requiring the bond, and it has the power to provide for or to refuse an appeal.

(j) The statute, can not as a matter of law be held to be void, because contrary to section 17, of the Constitution, relating to excessive bail, excessive fines and cruel punishment. That a cruel punishment, although such term as applied under the Constitution is not very well defined, is not proposed to be inflicted is evident, and the legislature must be the judge of whatever penalties are necessary to effect the preventing of the commission of acts prohibited, within the limitations of this provision, and to violate this provision, the penalties must be manifestly excessive and cruel. Harper v. Commonwealth, 93 Ky. 290; Fry v. Commonwealth, 166 Ky. 570. Probably the fines and imprisonment are more drastic, than necessary to effect the purposes, but, that is a legislative question and can not be interfered with by the courts, unless they are manifestly excessive or cruel.

(k) The contention, that the act violates section 55 of the Constitution, because the reasons stated in the act for the emergency clause are insufficient is not tenable. This might now be very well considered a moot question, but, the legislature has the power to decide, what are sufficient grounds for the existence of an emergency. It is a legislative and not a judicial question. Biggs v. McBride, 17 Ore. 640.

The general demurrer to the petition is therefore sustained and the writ of prohibition denied.