### Hubbard v. Dorr, Police Judge.

(Decided July 1, 1924.)

### Petition for Writ of Prohibition

Indictment and Information—Possessing Whiskey Not Indictable Offense and Triable on Warrant.—Possessing whiskey in violation of Acts 1922, c. 33, is not an indictable offense within Con-

stitution, section 12, and can be prosecuted by warrant in courts inferior to circuit courts by reason of section 41, notwithstanding Criminal Code of Practice, sections 9, 10, 306.

R. W. LISANBY for plaintiff.

Writ of prohibition denied and petition dismissed.

OPINION OF THE COURT BY JUDGE CLARKE.

This is an original action in this court, by which the plaintiff, John Hubbard, seeks a writ of prohibition to prevent the defendant, as police judge of Princeton, from trying him upon a warrant charging him with possessing whiskey in violation of chapter 33 of the Acts of 1922.

The contention is that the offense charged is an indictable offense, and that he cannot therefore be proceeded against by a warrant because of section 12 of the Constitution, which provides: "No person, for an indictable offense, shall be proceeded against criminally by information," etc.

This precise contention was disallowed in Lakes v. Goodloe, 195 Ky. 240, 242 S. W. 632, where the court expressly held that the offense charged here is not an indictable offense within the meaning of section 12 of the Constitution, and that it can be prosecuted by warrant in courts inferior to circuit courts, by reason of secton 41 of chapter 33 supra.

It is insisted, however, that a contrary doctrine is announced in the more recent case of Commonwealth v. Lay, 202 Ky. 683, but this is not true. Both of these cases hold that violations of chapter 33 supra are not indictable offenses within the meaning of section 12 of the Constitution, and that the legislature has the power and discretion to provide the method of their prosecution.

It is true we held in Lay's case that by reason of section 1141 of the statutes, which by its terms applies to all trial courts alike, the prosecution of an offense against chapter 33 supra cannot be begun in circuit court except by indictment, and in the Lakes case that by reason of section 41 of chapter 33 supra offenses against that act may be prosecuted by warrant in courts inferior to circuit courts. But this is due not to any inconsistency in these opinions, but to the fact, as is explained in the Lakes case, that section 41 supra repeals section 1141 of the statutes, as well as sections 9, 10 and 306 of the Crim-

inal Code, in so far as they limit the jurisdiction of and prescribe the procedure in *inferior trial courts* with reference to violations of chapter 33 of the 1922 Acts, and leaves them in full force and effect in so far as such prosecutions in *circuit courts* are concerned.

It follows that the prosecution of plaintiff in the police court of Princeton by warrant for a violation of chapter 33 of the 1922 Acts, within the city, is not violative of either the Constitution or the statutes.

Wherefore the writ of prohibition is denied, and the petition dismissed.