## Weaver v. Commonwealth.

(Decided December 8, 1925.)

Appeal from Rockcastle Circuit Court.

1. Criminal Law—Circuit Court, on Appeal from Police Court, Properly Allowed Warrant of Arrest to be Amended.—On appeal to circuit court from conviction in police court, circuit court properly allowed warrant of arrest to be amended.

2. Intoxicating Liquors—Evidence Held to Sustain Conviction for Transportation.—Evidence that officer saw fruit jar containing whiskey in pocket of defendant at L. and, after officer had taken it, defendant stated that he got it in Mt. V., held to sustain conviction of transporting liquor.

3. Arrest—Officer May Arrest Without Warrant, when Apprised by His Senses that Crime is Being Committed in His Presence.—Where an officer is apprised by any of his senses that crime is being committed in his presence, he may arrest without a warrant.

4. Criminal Law—Police Judge Held to have Jurisdiction of Offense of Transporting Intoxicating Liquor.—The police judge of Livingston, having, under Ky. Stats., section 3710, same jurisdic-

tion as justice of the peace, and latter having, under section 2554a, subsections 2 and 41, jurisdiction of offense of transporting intoxicating liquor, it follows that police judge had jurisdiction of such offense.

5.   Indictment and Information—Prosecution Under Rash-Gullion Act May be Begun in Police Court or Before Magistrate by Warrant of Arrest.—A prosecution begun in circuit court for violation of Rash-Gullion Act must be by indictment, but, if begun in police court or before a magistrate, it may be a warrant of arrest.

S. D. LEWIS for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHAS. F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Affirming.

Fred Weaver was arrested under a warrant issued by the police judge of Livingston, Kentucky, for the offense of transporting intoxicating liquor, committed on December 24, 1924. In the police court he waived a jury and entered a plea of guilty. His punishment was fixed at a fine of a hundred dollars and thirty days in jail. He appealed to the circuit court. In the circuit court he filed a demurrer to the indictment. The court sustained the demurrer but permitted the Commonwealth attorney to amend the warrant, to which the defendant excepted. He was then tried on the amended warrant, which showed that the offense was committed on December 23, 1924, and cured some technical defects in the original warrant. The proof on the trial was in substance as follows:

W. N. Riggs, the town marshal, stated that on Sunday night, December 23, 1924, he was called to the restaurant of Teddy Shorck in Livingston to arrest a man who was there drunk. He found a man there by the name of Phoenix drunk; he placed him under arrest and took from him a pistol. The defendant, Fred Weaver, was sitting close by Phoenix and was in company with him. Riggs smelt whiskey on one or both of them; he saw a fruit jar, one quart size, in the breast pocket of Weaver's coat; he reached and took it out of his pocket. It was about one-third full of whiskey. Weaver had said nothing and had done nothing; he was sober and quiet. He placed him under arrest, asked him where he got the whiskey, and he said he got it at the tie yard at Mt. Vernon. He had no search warrant for Weaver but arrested him at the time because he saw the fruit jar and

smelled the whiskey. Two other witnesses were introduced who testified that Weaver was quiet, sober and did nothing. This was all the testimony. The defendant moved the court to instruct the jury peremptorily to find him not guilty. The court refused to so instruct the jury and submitted the case to the jury under the usual instructions. The jury found the defendant guilty as charged and fixed his punishment at a fine of $100.00 and imprisonment sixty days in jail. He appeals.

The circuit court properly allowed the warrant of arrest to be amended. In Com. v. Van Meter, 8 Ky. Opin. 755, which was a case like this, where on appeal from the police court to the circuit court a warrant was proposed to be amended, holding that the amendment was proper, the court said:

"An indictment can only be found and presented by a grand jury and therefore no amendment of an indictment can be allowed. But a warrant which issues upon information may be amended in the same manner as a warrant in a civil case."

This rule had been steadily maintained by the court since. Manifestly if the objection to the warrant had been made in the police court, the police judge could have amended the warrant. When the case reached the circuit court it was tried *de novo* and the circuit court had every power possessed by the police court originally. It would be a reproach to the law were the rule otherwise, for then the defendant might make no objection to the warrant in the police court and when the case reached the circuit court defeat the prosecution by an objection first made there. To sustain such a practice would be not to administer but to defeat justice.

There was no objection to the testimony offered by the Commonwealth. The evidence being admitted without objection the only question presented is, was a case made out? Elmore v. Com., 201 Ky. 427. When the officer found him in possession of whiskey in Livingston, which he said he had got in Mt. Vernon, there was certainly some evidence that he transported the liquor. Not only so, but the following rule has been approved by this court:

"It is well settled that where an officer is apprised by any of his senses that a crime is being com-

mitted in his presence he may arrest without a warrant." Elswick v. Com., 202 Ky. 705.

By section 3710, Ky. Stats., the police judge of Livingston is given the same jurisdiction as a justice of the peace as to offenses committed in the town, and by sections 2 and 41 of the Rash-Gullion Act (see Kentucky Statutes, section 2554a, subsections 2 and 41) a justice of the peace is given jurisdiction of the offense charged in the warrant.

Elswick v. Com., 202 Ky. 703, was a prosecution under the act begun in the police court of Jenkins and appealed to the circuit court. Affirming the judgment of the circuit court against the defendant this court said:

"By express provisions of that act jurisdiction is given such courts to try offenses arising under it."

The case of Com. v Lacy, 202 Ky. 685, was based upon information filed in the circuit court under section 1141, Ky. Stats. That section is not affected by the Rash-Gullion Act, but this case was a prosecution begun in the police court as provided by that act. If a prosecution is begun in the circuit court for a violation of the Rash-Gullion Act, it must be by indictment, but if it is begun in a police court or before a magistrate, it may be by a warrant of arrest; for in no other way can such a court exercise the jurisdiction expressly conferred by the act.

Judgment affirmed.