## Wackenthaler v. Commonwealth.

(Decided December 17, 1926.)

### Appeal from Jefferson Circuit Court (Criminal Branch).

1. Intoxicating Liquors—Warrant to Search for Liquor Need Not be Sworn to Before Officer Issuing it.—Warrant to search for intoxicating liquors held not invalid where based on affidavit sworn to before notary public instead of before officer issuing search warrant.

2. Indictment and Information—Conviction for Unlawful Possession of Liquor, Punished by Hard Labor in County Jail, Held Not Invalid for Lack of Indictment (Constitution, Section 12).—Warrant charging defendant with unlawful possession of intoxicating liquor, for which penalty imposed was fine and imprisonment at hard labor in county jail, held not to charge infamous crime, under Constitution, section 12, requiring proceedings by indictment, as infamous punishment does not include confinement in county jail.

MATT J. HOLT for appellant.

FRANK E. DAUGHERTY, Attorney General, and G. D. LITSEY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The appellant, L. J. Wackenthaler, was tried and found guilty in the police court of Louisville under a warrant charging him with unlawful possession of intoxicating liquor. He appealed to the Jefferson circuit

court, where he was again tried and found guilty, his punishment being fixed at a fine of $100 and confinement in the county jail for 30 days. On this appeal he insists that the search warrant was invalid, as it was based upon an affidavit sworn to before a notary public and not before the officer issuing the search warrant.

This precise question was thoroughly discussed and decided adversely to appellant's contention in Fowler v. Commonwealth, 204 Ky. 525, 264 S. W. 1075.

Appellant also insists that as the punishment for the offense with which he is charged in the warrant, imprisonment at hard labor, he is charged with an infamous crime, and that under section 12 of the Constitution he can only be proceeded against by indictment.

This question has likewise been decided adversely to appellant's contention in Lakes v. Goodloe, 195 Ky. 240, 242 S. W. 632. The Lakes case was cited with approval in Hubbard v. Dorr, 204 Ky. 222, 263 S. W. 736. Also see Weaver v. Commonwealth, 211 Ky. 723, 277 S. W. 1021.

These are the only grounds for reversal relied on by appellant. Appellant has advanced no convincing argument for departing from the rule announced in either of the above cited cases, and the judgment is affirmed.