## Baldwin v. Commonwealth.

January 12, 1951.

Loraine Mix, Judge.

370

Wilson K. Beatty for appellant.

A. E. Funk, Attorney General, Carl Ousley, Jr., Assistant Commonwealth Attorney, and John H. Dougherty for appellee.

JUDGE LATIMER—Affirming.

This matter is before us on appeal from lower court's denial of writ of habeas corpus.

Appellant was arrested by an officer of the Police Department of the City of Louisville, apparently on a number of charges, among which was the charge of operating a motor vehicle without a license." It appears that some 9 or 10 months prior to this arrest, appellant had been convicted of a drunken driving charge in the Police Court of the City of Louisville. Appellant, when faced with the charges in court, admitting driving without an operator's license. It appears that all the charges were filed away, except that of operating without a license, on which charge appellant was fined $500 and sentenced to 6 months imprisonment.

Appellant, by his writ of habeas corpus, attacks the jurisdiction of the Police Court to try the offense for which he was convicted.

It is insisted that the offense herein is an indictable offense, and being such, the Police Court had no jurisdiction to prosecute in the absence of an indictment.

Let us look first to the question of jurisdiction of city and police courts. Appellant first calls attention to Subsection 4 of Section 13 of the Criminal Code of Practice, which provides: ''City and police courts shall have exclusive jurisdiction of all prosecutions and acts, for an infraction of the by-laws or ordinances of the city or town in which they are located, and concurrent jurisdiction with the circuit courts, and justices' courts, of prosecutions for misdemeanors committed in the town or city, the punishment of which is a fine not exceeding one hundred dollars, and, also, such jurisdiction as is, or may be, provided by the special statutes creating or regulating such courts.''

It is contended that this section is in conflict with KRS 26.010, which provides: ''Except as provided in KRS 167.990, 199.990 and 242.990, police courts in cities of every class have jurisdiction exclusive of circuit courts in all penal and misdemeanor cases where the punishment is limited to a fine of not more than twenty dollars, jurisdiction concurrent with circuit courts of all penal and misdemeanor cases where the punishment is limited to a fine of not more than five hundred dollars, or imprisonment not exceeding twelve months, or both, and exclusive jurisdiction of all violations of city ordinances, occurring within the city limits.''

It is pointed out that the section of the Criminal Code of Practice above gives concurrent jurisdiction with the circuit court and justices' courts of all prosecutions for misdemeanors committed in the town or city, the punishment of which is a fine not exceeding $100; whereas, in KRS 26.010 the police court, in cities of every class, has concurrent jurisdiction with circuit courts of all penal and misdemeanor cases where the punishment is limited to a fine of not more than $500 or imprisonment not exceeding 12 months, or both.

We need only call attention to the latter part of subsection 4 of the section of the Criminal Code of Prac-

tice above, which provides: "* * * and, also, such jurisdiction as is, or may be, provided by the special statutes creating or regulating such courts." Thus, we see that any such supposed conflict disappears because we do have the "and, also, such jurisdiction" provided by statutes. Under the provision of the statute above, the police court had jurisdiction of the offense.

We must next pass to the question of whether or not, after having jurisdiction, the police court may prosecute this charge on information or warrant. KRS 455.080 provides: "In circuit court, persons charged with misdemeanors for which the highest penalty that may be imposed is a fine of one hundred dollars and imprisonment for fifty days may be prosecuted by warrant or by information filed by the Commonwealth's attorney or county attorney in the circuit court. In courts inferior to circuit courts, any offense within the jurisdiction of the court may be prosecuted on a warrant or information filed before the judge or justice. The information shall be signed by the officer filing it, and shall state the nature of the offense charged. When the information is filed, the judge or justice shall at once issue a warrant or summons against the offender, commanding him to appear, within three days, at the time and before the court, judge or justice mentioned therein, and the amount of bail that he may give for his appearance shall be specified in the warrant or summons. The warrant or summons may be directed to any peace officer, and shall be returned by him before the court, judge or justice mentioned in the warrant or summons."

It is pointed out that by the above section circuit courts can prosecute by warrant or information only such misdemeanors for which the highest penalty that may be imposed is a fine of $100 and imprisonment for 50 days, and that, had appellant been tried in the circuit court, it would have been necessary to have prosecuted only on indictment.

It is contended that it would be a ridiculous position to hold that circuit courts are more limited in jurisdiction, with respect to prosecutions on information or warrant, than inferior courts. However, that is precisely the statutory provision.

It seems originally to have been the general rule that even misdemeanors were tried in the higher courts

of criminal jurisdiction only on indictment, while in inferior courts information, complaint, or warrant was the proper form of accusation. Obviously, KRS 455.080 was enacted to expedite procedure in circuit courts by providing for prosecution of misdemeanors on information or warrant. This, in fact, was an enlargement on the prevailing practice rather than a limitation. It may appear somewhat paradoxical to limit a circuit court's jurisdiction to an indictment while in the same case an inferior court may take jurisdiction on information or warrant. This is purely a legislative matter. The statute creates the offense, consequently, it may authorize the form of accusation, unless same be violative of and in conflict with constitutional provisions or guaranties.

Appellant calls attention to 306 of the Criminal Code of Practice which provides that no indictment shall be necessary unless the punishment of the offense exceeds a fine of $100 or confinement for 30 days. It is argued that this requires an indictment if the punishment exceeds that provision. The enactment of 306 of the Criminal Code of Practice antedates KRS 455.080 by approximately three-quarters of a century. Consequently 306 of the Criminal Code of Practice, in so far as there is inconsistency with KRS 455.080, stands repealed.

In the absence of constitutional provisions, requiring an indictment or prohibiting an information or warrant, an offense may be prosecuted by information under statute, and such action has been universally held not to be in violation of the Federal Constitution.

It is argued that, since the maximum penalty is a fine of $500 and imprisonment of not more than 6 months, this is an indictable offense within the meaning of Section 12 of the Constitution and under Sections 13 and 306 of the Criminal Code of Practice. We have heretofore disposed of Sections 13 and 306 of the Criminal Code of Practice. It is entirely unnecessary to go into an extended discussion of Section 12 of the Constitution. Much has been written with respect thereto and elaborate discussions in numerous opinions have been made as to the meaning of infamous crime and indictable offense.

374

We have repeatedly held that the class, of misdemeanors, as involved herein, does not belong to that class of crimes declared to be infamous. In the case of Wackenthaler v. Commonwealth, 217 Ky. 316, 289 S. W. 225, the defendant was given $100 fine and 30 days in jail, which also included imprisonment at hard labor. It was contended that because of the hard labor attachment to penalty the defendant was charged with an infamous crime, and that, under Section 12 of the Kentucky Constitution, he could be proceeded against only by indictment. Attention was directed in that case to the fact that the question had been decided adversely to appellant's contention in Lakes v. Goodloe, 195 Ky. 240, 242 S. W. 632. Hubbard v. Dorr, 204 Ky. 222, 263 S. W. 736, and Weaver v. Commonwealth, 211 Ky. 723, 277 S. W. 1021, holding the same, are also cited with approval. In Weaver v. Commonwealth, the question is rather exhaustively treated.

Since the offense is statutory in origin and statutory in penalty, and not an indictable offense within the meaning of Section 12 of the Constitution, we hold there to be no violation of any section of our Constitution.

The court below properly denied the writ.