Mickey EISNER alias Marrianna Eisner,
Appellant,

v.

Commonwealth of Kentucky, Appellee.

Court of Appeals of Kentucky.

Feb. 21, 1964.

Louis W. Gorman, Covington, for appellant.

John B. Breckinridge, Atty. Gen., Robert L. Montague III, Asst. Atty. Gen., Frankfort, for appellee.

WADDILL, Commissioner.

Appellant was convicted of engaging in prostitution as denounced by KRS 436.075. The punishment imposed was a fine of $200 and six months in the county jail. The evidence introduced by the Commonwealth consisted primarily of the testimony of George O'Brien, who stated that he paid to have and did have sexual intercourse with appellant during the night of February 26, 1963, and of the testimony of officer Eifert, who stated that on March 22, 1963, appellant told him that she was a common whore but she was not plying her trade at that time.

Appellant was prosecuted by an information. RCr 6.02, 6.04. Appellant contends that this procedure is prohibited in this case by Section 12 of the Kentucky Constitution and by the Fifth Amendment to the Federal Constitution. The constitutional provisions upon which appellant relies have been interpreted to require an indictment by a grand jury when a person is placed on trial for a capital or otherwise infamous crime. Brede v. Powers, 263 U.S. 4, 44 S.Ct. 8, 68 L.Ed. 132; Lakes v. Goodloe, 195 Ky. 240, 242 S.W. 632; See also, Roberson's New

Kentucky Criminal Law and Procedure, Section 98, page 164.

The offense of which appellant was convicted is made a misdemeanor by KRS 431.060. Misdemeanors, generally, are not infamous offenses. They are, however, infamous if one convicted thereof is subject to an infamous punishment. See Wharton's Criminal Law and Procedure, Volume 1, Section 31, pages 62–67.

The maximum punishment that may be inflicted for engaging in prostitution is a fine of $200 and confinement in the county jail for not more than one year. We have repeatedly held that statutory misdemeanors, such as the one here involved, do not belong to that class of crimes which are declared to be infamous. Baldwin v. Commonwealth, 314 Ky. 369, 235 S.W.2d 771; King v. City of Pineville, 222 Ky. 73, 299 S.W. 1082; Lakes v. Goodloe, 195 Ky. 240, 242 S.W. 632. Hence, proceeding in this case by information, rather than by indictment, does not violate Section 12 of the Kentucky Constitution.

The Supreme Court of the United States has held that, under the Federal Constitution, infamous crimes are those punishable by death or confinement at hard labor or in a penitentiary. Brede v. Powers, supra; Mackin v. United States, 117 U.S. 348, 6 S.Ct. 777, 29 L.Ed. 909; Ex parte Wilson, 114 U.S. 417, 5 S.Ct. 935, 29 L.Ed. 89; 42 C.J.S. Indictments and Informations § 9b (1), p. 838. The maximum punishment that could be imposed upon appellant was a one-year jail sentence and a fine of $200 (KRS 436.075(3)) and she could not be subjected to confinement at hard labor (KRS 431.140). Under these circumstances the offense charged was not an infamous one and there is no merit in the contention that the relied upon provision of the Federal Constitution was violated.

Appellant next contends that the criminal information does not comply with the requirements of RCr 6.10. We find no basis for this contention as the information

contained a caption setting forth the name of the court, the names of the parties and a statement of the specific offense with which the appellant was charged. It also stated the applicable statute which appellant was alleged to have violated and contained a formal conclusion required by Section 123 of the Kentucky Constitution.

Appellant next contends that O'Brien was an accomplice and hence the court erred in refusing to give an accomplice instruction. An accomplice has been defined as one who is subject to prosecution for the identical offense of which the accused is being tried. Warren v. Commonwealth, Ky., 333 S.W.2d 766; Head v. Commonwealth, Ky., 310 S.W. 2d 285. It follows, therefore, that O'Brien was an accomplice only if he could be prosecuted for engaging in prostitution.

The ordinary use of the term "engaging in prostitution" does not contemplate that a man can commit that act. See State v. Gardner, 174 Iowa 748, 156 N.W. 747, L.R.A.1916D 767; People v. Brandt, Cal.Super., 306 P.2d 1069. Moreover we observe that, while KRS 436.075(1) has generally defined "prostitution," this subsection has not expressly extended the usual and ordinary definition of that word to include men. While O'Brien may be prosecuted for some other criminal offense, such as "fornication" (KRS 436.070), we hold that he cannot be convicted of engaging in prostitution as that offense is presently denounced by KRS 436.075. Hence, he was not an accomplice and an accomplice instruction was not required to be given.

Appellant urges that the court erred in permitting officer Eifert to state that appellant told him she was a common whore but was not plying her trade at that time. We observe that appellant made this remark voluntarily and at a time when she was free on bail. The remark constitutes an admission against interest having probative value tending to establish appellant's guilt of the offense charged. See, Glasscock v. Commonwealth, Ky., 307 S.W.2d 188. The

court properly overruled appellant's objection to this testimony.

Appellant next argues that she was the victim of an entrapment and therefore the conviction should not be upheld. This contention is based upon the fact that police officers assisted O'Brien's cab driver in locating the trailer court where appellant was residing on the night of February 26, 1963. Ordinarily an entrapment is the conception and planning of an offense by a police officer and the procurement of its commission by one who would not have perpetrated it except for the trickery, persuasion or fraud of the officer. See Roberson's New Kentucky Criminal Law and Procedure, Section 35, pages 50–54; People v. West, 139 Cal.App.2d Supp. 923, 293 P.2d 166; State v. Burnette, 242 N.C. 164, 87 S.E.2d 191, 52 A.L.R.2d 1181; Bayouth. v. State, Okl.Cr., 294 P.2d 856. Entrapment is not available as a defense to a person who has the intent and design to commit a crime originating in his own mind and who does in fact commit all the essential elements constituting it. It is clear from the testimony in the instant case that the police officers did not know of the specific trailer that O'Brien was looking for, nor did the officers attempt to induce O'Brien or the appellant to commit any offense. Under the circumstances shown in this case the claim of entrapment is frivolous.

Appellant further contends that her arrest was unlawful. The testimony shows that the appellant agreed to go with the officers to the police station where a warrant was obtained for her arrest. Appellant has not shown this testimony was untrue. Under the state of this record we are unwilling to say that her arrest was unlawful or that she was deprived of any of her constitutional rights.

Appellant finally argues that the court erred in instructing the jury in that the instructions were inflammatory. Even though appellant has failed to point out in what respect they are inflammatory, we have examined the instructions and find that

this criticism is undeserved since they are merely couched in language that was necessary to cover the law of the case.

We conclude that appellant has had a fair trial.

The judgment is affirmed.