**James H. OWSLEY, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 9, 1968.

As Modified on Denial of Rehearing
June 7, 1968.

Mark E. Gormley, Versailles, for appellant.

Robert Matthews, Atty. Gen., David Murrell, Asst. Atty. Gen., Frankfort, for appellee.

EDWARD P. HILL, Judge.

This appeal is from a judgment of conviction for the third violation of the Local Option Law (KRS, Chapter 242), in which appellant was meted a one-year term in Kentucky State Reformatory.

The one ground argued for reversal is that the affidavit for a search warrant, sworn to before a notary public, violates RCr 13.10, and all evidence obtained pursuant to the execution of the search warrant is incompetent and inadmissible.

RCr 13.10, in its entirety, reads as follows:

"A search warrant may be issued, upon affidavit sufficient under Section 10 of the Constitution of Kentucky and sworn to before the issuing officer, by a magistrate, or by any other officer authorized by statute."

The following footnote appears after the rule above quoted:

"RCr 13.10 is made a part of the rules for the sake of convenient reference, since it is not covered by statute. It is intended merely to restate the common law."

It is noted that the above section of the Criminal Code provides that a search warrant "may" be issued on the conditions set out therein.

Appellant and appellee both overlooked KRS 242.370, which provides:

"When an officer or or any reputable citizen files an affidavit with any circuit judge, county judge, police judge or justice of the peace, describing premises or a vehicle, where alcoholic beverages are sold, disposed of or possessed in violation of this chapter, the judge or justice shall by his warrant cause the premises or vehicle to be searched for the detection of any alcoholic beverages which are possessed, or kept for disposition, in violation of this chapter.

\* \* \* \* \* \*

"No search warrant as provided for in this section shall be quashed if it and the affidavit on which it is based are sufficient on the face."

Our research has revealed that KRS, Chapter 423, relative to the commission, powers, and liabilities of a notary public is as silent as the tomb on the question of the power to administer an oath. By common law a notary public had no power to administer an oath. Anderson v. Commonwealth, Ky., 117 S.W. 364 (1909).

The only statute we have been able to find authorizing a notary to administer an oath is KRS 62.020, which authorizes the giving of official oath to "any officer" by a notary public.

By a course as devious and unpredictable as the tracks of a beagle hound cold trailing a jackrabbit, we think we have found some law authorizing a notary public to administer an oath in excess of those included in KRS 62.020 (oath of office). RCr 13.04 states that "Rules of civil procedure heretofore applicable to criminal procedure by virtue of KRS 447.155 shall continue to be applicable to the extent not superseded by these rules."

KRS 447.155 provides:

"The rules of the Court of Appeals shall apply to criminal procedure in all situations where any provision of the Civil Code, superseded by the rules, has heretofore been made applicable to criminal procedure either by express reference or by interpretation."

The essentials of an affidavit, including the oath thereto, are set out in CR 43.13; the pertinent part of which we quote:

"Affidavits authorized or permitted under these rules, or in any statutory proceeding, shall be a written statement or declaration sworn to or affirmed before an officer authorized to take depositions by Rule 28."

Here we hole the rabbit. CR 28.01 provides:

"Depositions taken in this State, to be used in its courts, shall be taken before an examiner; a judge, clerk, commissioner or official reporter of a court; a justice of the peace; a *notary public*; or before such other persons and under such other circumstances as shall be authorized by law." (Emphasis added.)

So, we conclude, aside from case law to which we later refer, that a notary public is authorized to administer an oath to an affidavit.

We now return to KRS 242.370, which is a specific procedural remedy in lo-

cal option law. It contemplates that any officer or reputable citizen may *"file an affidavit with"* any issuing officer and a search warrant may issue.

As far back as 1909 in Anderson v. Commonwealth, supra, this court said in a case involving the right of a notary public to administer an oath at page 367: "We think these statutes fully authorize the notary public to swear the appellant to the quarterly report involved in this prosecution."

Later, in a case somewhat similar to the one at bar, this court said in Fowler v. Commonwealth, 204 Ky. 525, 264 S.W. 1075, 1076 (1925):

"There is nothing requiring that the affidavit shall be sworn to before the officer who issues the warrant, nor is there any reason therefor, since the purpose of the affidavit is to furnish to the officer information on oath sufficient to create probable cause, and its convincing qualities are as strong when sworn to before one person authorized to administer an oath as before another. We therefore find no merit in this contention."

See also Wackenthaler v. Commonwealth, 217 Ky. 316, 289 S.W. 225 (1926).

When KRS 242.370 and RCr 13.10 are laid side by side, there is no conflict.

While it is without doubt a better practice for affidavits for search warrants to be sworn to before the issuing officer so he may explore the information of the affiant and may satisfy himself that the information is current, the Legislature has seen fit to make an exception in local option offenses prosecuted under KRS 242.370. For that reason, the judgment will not be disturbed.

The judgment is affirmed.

All concur.