**COMMONWEALTH of Kentucky, Appellant,**

**v.**

**Emma Ferguson HOPE, Appellee.**

Court of Appeals of Kentucky.

March 23, 1973.

Ed W. Hancock, Atty. Gen., Robert W. Willmott, Jr., Asst. Atty. Gen., Frankfort, Dan Cornette, Greenville, for appellant.

B. R. Paxton, Central City, for appellee.

CULLEN, Commissioner.

The circuit court entered judgment dismissing an information that charged Emma Ferguson Hope with a second-offense violation of the local option law, which carried a potential maximum penalty of a fine of $200 and imprisonment in the county jail for 120 days (a misdemeanor). KRS 242.990. The ground for dismissal was that the offense was one which could be prosecuted only by indictment, under Section 12 of the Kentucky Constitution and RCr 6.02. The Commonwealth has appealed.

Under our cases, a statutory misdemeanor is not required by our Constitution to be prosecuted by indictment unless the prescribed punishment is "infamous," and punishment is not considered "infamous" if it consists only of a fine and imprisonment in the county jail, even at hard labor. Lakes v. Goodloe, 195 Ky. 240, 242 S.W. 632; Eisner v. Commonwealth, Ky., 375 S.W.2d 825.

It is true, as pointed out in *Eisner,* supra, that the Supreme Court has held that under the Fifth Amendment to the Constitution of the United States, an of-

fense punishable by confinement at hard labor is an "infamous crime." That does not present any problem in this case, however, because here, as in *Eisner,* the defendant is a woman and therefore not subject under KRS 431.140 to confinement at hard labor.

There is no statutory restriction, as distinguished from a constitutional one, on prosecution of offenses by information, because RCr 6.02 removed the statutory limitation formerly imposed by KRS 455.080.

The appellee's reliance on Crabtree v. Commonwealth, Ky., 278 S.W.2d 732, is misplaced, because that case held merely that where a criminal case originally prosecuted in an inferior court was not within the jurisdiction of that court because the maximum potential punishment was in excess of the punishment that the court could impose, the circuit court could not acquire jurisdiction through an appeal to it of the inferior court's judgment. That case is not in point because here the prosecution originated in the circuit court.

The Commonwealth mentions in its brief that the circuit court overruled its motion to amend the information to include as a defendant a mobile home in which the local option violation by the appellee was charged to have occurred; however, the Commonwealth makes no complaint of error in that ruling and therefore no issue concerning it is before us.

The judgment is reversed with directions to reinstate the prosecution.

PALMORE, C. J., and MILLIKEN, OSBORNE, REED, STEINFELD and STEPHENSON, JJ., sitting.

All concur.