AMERICAN INSURANCE ASSOCIA-
TION, et al., Appellants,

v.

Ronald G. GEARY, Commissioner, et
al., Appellees.

Supreme Court of Kentucky.

June 30, 1982.

Gerald Kirven, Baird, Kirven, Westfall & Talbott, Louisville, for appellants.

Arnold C. Jones and Cathy Cravens Snell, Legal Services Div., Dept. of Revenue, Diane Morris and Susan N. Mastin, Dept. of Insurance, Frankfort, Herbert L. Segal and Dennis Franklin Janes, Segal, Isenberg, Sales & Stewart, Frank X. Quickert, Jr., James P. Green, Paul V. Guagliardo and Donald L. Cox, Louisville, Henry Watson, III, Lexington, for appellees.

## OPINION AND ORDER

Appellants brought a complaint for declaration of rights in Franklin Circuit Court seeking to have the emergency clause of Sec. 15 of the newly enacted House Bill 525 to be declared unconstitutional because the declaration of emergency was in contravention of the Kentucky Constitution, Sec. 55, which provides:

> No act . . . shall become a law until ninety days after the adjournment of the session at which it was passed, except in cases of emergency . . . but the reasons for the emergency that justifies this action must be set out at length in the journal of each house.

The Franklin Circuit Court, pursuant to its order of June 7, 1982, found that Sec. 15 of House Bill 525 did not violate Sec. 55 of the Kentucky Constitution and concluded that while the reason contained in the act justifying an emergency was "woefully weak," it was not inclined to declare it to be unconstitutional absent clear and convincing evidence of such unconstitutionality.

Considering the immediacy of the question presented, we granted transfer directly to this court.

House Bill 525 deals generally with a surcharge upon certain insurance premiums collected in this state which is intended to fund a trust for the payment of incentives to the firemen and policemen of the various municipalities about the state. Sec. 15 of the act declares an emergency to exist and reads as follows:

> Whereas, the general fund appropriations for fiscal year 1981–82 for the profession-

al firefighters foundation program fund as provided by KRS 95A.200 through 95A.990, and the law enforcement foundation program fund as provided by KRS 15.410 through 15.510 will lapse on June 30, 1982, an emergency is declared to exist, and Sections 6 and 9 of this Act, shall become effective on July 1, 1982, and all other sections of this Act shall become effective upon its passage and approval by the Governor.

Appellees urge that under the holding in *Lakes v. Goodloe*, 195 Ky. 240, 242 S.W. 632 (1922), only the legislature has the power to decide sufficient grounds for the existence of an emergency and it is not within the purview of the judiciary to question the grounds or reasons given. Under this theory Sec. 15, House Bill 525 obviously would be constitutional and not in contravention of Kentucky Constitution, Sec. 55.

▉ Appellants urge us to look subjectively at the reason expressed in justifying the declaration of an emergency. We have examined the reason stated and conclude that it sufficiently supports the legislative declaration of emergency.

▉ Although we are of the opinion that the court must have the ultimate authority of determining whether an emergency actually existed, the legislative judgment in that respect must be accorded the same presumption of validity that it enjoys in other instances of constitutional inquiry. That is, if there is any rational basis for concluding that the circumstances cited as constituting an emergency justified more expeditious action than would ordinarily be true, the courts should not interfere with the legislative discretion. Utilizing that criterion, we are unable to say that Sec. 15 of House Bill 525 does not satisfy Sec. 55 of the Constitution. It is our opinion also that when the reason for declaring an emergency is sufficiently expressed in the legislation itself, the requirement that it be recited in the journal is satisfied.

The order of the Franklin Circuit Court is affirmed.

All concur.

ENTERED June 30, 1982.

/s/ John S. Palmore
    Chief Justice